365 P.2d 668

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Virginia MORRIS, Defendant-Appellant.**

No. 6882.

Supreme Court of New Mexico.

Sept. 13, 1961.

Rehearing Denied Nov. 9, 1961.

Schall & Fowler, Albuquerque, for appellant.

Earl E. Hartley, Atty. Gen., Boston E. Witt, Asst. Atty. Gen., for appellee.

COMPTON, Chief Justice.

The appellant was convicted by a jury of Bernalillo County of the crime of abortion. Following the verdict, she moved for an acquittal notwithstanding the verdict or for a new trial, alleging that she had been denied due process of law by reason of the use of perjured testimony and the suppression of material evidence, which was known by the prosecuting officers. The denial of this motion is the basis of the appeal to this court.

The facts are not disputed. At the time of trial the chief witness for the prosecution, on whom the abortion was performed, was 18 years old and unmarried.

Appellant was arrested in the witness' motel room in Albuquerque, where they had met by prearrangement, and where the arresting officers found and took into their possession, as evidence, certain instruments, medicinal supplies and other items, including $300 in currency. Thereafter, a preliminary hearing was held during which the witness, still single, testified for the state. And the record shows that she remained single until sometime after the preliminary hearing but had married prior to the trial. In response to appellant's motion for an acquittal or for a new trial, the state put into the record correspondence between the witness and the assistant district attorney who prosecuted the case, wherein the witness insisted that, since she had been unmarried at the time of the offense and at the preliminary hearing, she appear at the trial as a witness under her maiden name, formerly used and known to all parties, so as not to involve her husband or his name. In addition, she requested the immediate return to her of the $300, undisputedly hers, which was being held by the police and for which she stated she had immediate need. The money was returned to the witness prior to trial and she was advised that unless she were specifically asked she would not have to volunteer the information concerning her marriage. Thereafter, at the trial the assistant district attorney had the witness called and sworn under her maiden name. He asked her directly if she were that person, to which she replied in the affirmative, and he referred to her by her maiden name throughout the trial. At the hearing on the motion for acquittal or for a new trial, the trial court was advised for the first time concerning the correspondence.

The substance of appellant's position on appeal is that she was deprived of due process of law under the Constitutions of New Mexico and the United States by reason of a conspiracy between the assistant district attorney and witness to deliberately suppress essential evidence from appellant and perpetrate a fraud upon the court and jury by testifying falsely and, further, by reason of a premeditated barter between the witness and assistant district attorney amounting to the suppression of evidence which would have impeached the witness.

The alleged suppression of evidence was the failure of the assistant district attorney to disclose to appellant's counsel and to the court and jury the fact that the witness had married, and to have her sworn and testify under her married name. The alleged false testimony and fraud upon the court and jury was the witness' affirmative response to the prosecuting officer's question asking her, by her maiden name, if she were that person. The alleged barter for testimony

amounting to suppression of evidence was the return of the $300 to the witness before trial.

■ This court is in complete accord with the well-recognized rule advanced by appellant, and the authorities in support thereof, that the deliberate suppression of evidence or the use of false evidence knowingly by a prosecuting officer in a criminal case, constitutes a denial of due process of law if such evidence is material to the guilt or innocence of the accused, or to the penalty to be imposed. But, the failure in this case to show materiality of the suppressed evidence or testimony, or prejudice resulting therefrom, renders the rule inapplicable here.

But appellant asserts that the rule of materiality with regard to false testimony or suppressed evidence is satisfied when such evidence concerns the credibility of the witness. In support of this rule, which appellant contends is applicable in this case, is cited Alcorta v. State of Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9; Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217; People v. Savvides, 1 N.Y.2d 554, 154 N.Y.S.2d 885, 136 N.E.2d 853; Griffith v. Rhay, 9 Cir., 282 F.2d 711; and Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 79.

We are in accord with the holdings in those cases but they are clearly distinguishable on the facts. In all of them the acts complained of were shown to be prejudicial to the accused, a situation not present here. While the fact of the witness' marriage was purposely withheld at the trial, such fact is in no way material to the issues involved. Indeed, had it been disclosed, appellant does not suggest how it could have discredited the witness' testimony or had any effect upon her guilt or innocence. See note to Alcorta v. State of Texas, supra, and Annotation 33 A.L.R.2d 1421.

The appellant asserts that the trial judge and jury were deliberately misled regarding the true identity of the witness. This is obviously an erroneous assertion and we will not be detained long in disposing of it. The identity of the witness, by whatever name she may have been called, was never in doubt and was never questioned, though appellant knew her whereabouts at all times.

The appellant's contention, that had she known of the return of the $300 before the trial, the jury upon being informed thereof, would have undoubtedly concluded that the witness bartered her testimony for the money, and her testimony would have thus been discredited, is also pure conjecture. There was no dispute over the ownership

of the money or the purpose for which it was to have been used. The record clearly shows that the money was to have been payment by the witness to appellant for the abortion and was placed by the witness on top of a television set in the motel room where it was found and taken by the police. The record also shows that its return was offered to her prior to trial if she were in immediate need, which she thereafter stated to be the case because of medical expenses. The ownership, purpose and amount was testified to at the trial, without objection, and without a request by appellant for its production. The fact of payment was not essential for the conviction of abortion.

We review a few of the Federal decisions relating to "denial of due process" in criminal cases. The Supreme Court of the United States laid down the principle in Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166, that in a criminal trial, denial of due process is the failure to observe the fundamental fairness essential to the very concept of justice and that in order to declare a denial of it there must be found that the absence of that fairness fatally infected the trial; that if, by fraud, collusion, trickery and subornation of perjury on the part of those representing the state, the trial of an accused person results in his conviction he has been denied due process of law. In United States ex rel. Thompson v. Dye, 3 Cir., 221 F.2d 763, where the prosecution not only withheld testimony favorable to the contentions of the accused, but misled the court and jury by affirmative statements as to the nature of the unused testimony, the court went into the question of fundamental fairness of a trial stating that a prosecutor must not act in an essentially unfair way. However, we note with interest the special concurring opinion by Judge Hastie in which he said the question of fundamental fairness depends so much upon the facts of the particular case that a precise rule cannot be devised.

In United States ex rel. Almeida v. Baldi, 3 Cir., 195 F.2d 815, 33 A.L.R.2d 1407, the court held that the suppression of evidence may be a denial of due process when it is *vital* evidence material to the issues of guilt or penalty. See also United States v. Rutkin, 3 Cir., 212 F.2d 641 and Soulia v. O'Brien, D.C., 94 F.Supp. 764. In United States ex rel. Montgomery v. Ragen, D.C., 86 F.Supp. 382, the court, speaking in connection with the duty of a prosecuting attorney, said that a prosecutor must, to be fair, not only use evidence against the criminal, but must not willingly ignore that which is in an accused's favor, and held that the perjured testimony and suppressed evidence in that case was vital to the accused's case in that it could only have led to acquittal. See also Application of Landeros, D.C., 154 F.Supp. 183, where-

in the court stated it had two questions before it, namely, whether there was a suppression of evidence and, if so, whether it was prejudicial to the accused.

In Jordon v. Bondy, 72 App.D.C. 360, 114 F.2d 599, where the defendant was complaining of the suppression of evidence by prosecuting officers in a murder trial, the court stated that while a prosecutor may not actively suppress evidence vital to the accused, whether he is required to disclose evidence which would otherwise amount in practical effect to concealment depends upon the nature of the evidence, its admissibility and probative value when considered in connection with the other evidence presented in the case. See also Coggins v. O'Brien, 1 Cir., 188 F.2d 130.

We conclude that the suppression or withholding of evidence complained of in this case was neither material to the issues nor prejudicial to the accused, hence, there was no denial of due process under our Constitution or under the Fourteenth Amendment. The lower court with all of the facts before it, upon proper motion, did not see fit to set aside the conviction or grant a new trial, nor do we.

The judgment should be affirmed, and it is so ordered.

CARMODY, CHAVEZ, MOISE, and NOBLE, JJ., concur.