417 P.2d 436

**L. A. ELLIS** and **Jessye Ellis**, his wife, Plaintiffs-Appellants,

**v.**

**J. A. PARMER**, Defendant-Appellee.

No. 7928.

Supreme Court of New Mexico.

Aug. 22, 1966.

Eugene E. Brockman, Tucumcari, for appellants.

## OPINION

OMAN, Judge, Court of Appeals.

The appellants, L. A. Ellis and Jessye Ellis, his wife, filed a complaint against appellee, J. A. Parmer, in two separate counts. By the first count they sought to recover the sum of $200 by way of claimed unpaid balance of rental for the calendar year 1962 on some lands rented by them to the appellee. By their second count they sought recovery of damages for the claimed use and conversion of personal property. However, the claims asserted in the second count were abandoned.

The appellee admitted he rented the lands from appellants for the year 1962 at an agreed rental of $300, that he had paid $100 thereof, and that he had refused and neglected to pay the balance of $200. He denied the allegation as to the time when the rental was to be paid, and denied the allegation that he had been indebted to the appellants in the sum of $200 since January 1, 1962. He then filed a counter-claim, which he denominated a "cross-complaint," wherein he alleged the rental agreement for the year of 1962 at an agreed rental of $300, that he had paid $100 of the rental, and that he had been wrongfully evicted by appellants from the rented property to his damage in the amount of $972. Appellants

filed no reply or other responsive pleading to the counter-claim.

The case came on for trial and both sides announced ready. Appellants then moved for a judgment in the amount of $200 upon the claim for rental because of the above-recited admissions in appellee's answer, and which admissions he had repeated in his answers to interrogatories propounded to him by the appellants. The court denied the motion. Both sides then adduced their evidence and rested their respective cases. After arguments of counsel, the court made some observations and then announced that both the complaint and counter-claim would be dismissed.

No findings of fact or conclusions of law were made by the court and none were requested by either party.

Judgment was entered dismissing the complaint and the counter-claim, and it is from this judgment that the plaintiffs have appealed. The appellee has filed no answer brief.

The first point relied on for reversal is that:

"It was error for the Court to refuse to grant the plaintiffs' motion for judgment on count one of their complaint at the beginning of the trial because no issue of fact remained to be decided, and the facts showed the plaintiffs to be entitled to judgment."

Appellants rely on the cases of Agnew v. Libby, 53 N.M. 56, 201 P.2d 775 and Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138. Nothing stated in these cases can be construed as supporting the contention of appellants. As we view the admissions in the answer and in the answers to the interrogatories, they were simply that during the year 1962 the parties entered into a rental agreement for the calendar year 1962 at an agreed rental of $300, that $100 had been paid by appellee on this agreed rental, and that he refuses to pay the balance of $200. He expressly denied in his answer that the rental was to be paid at the time alleged and that he was indebted to the plaintiffs in the sum of $200.

The interrogatories and answers thereto did not direct themselves to the matters of when or how the rental was to be paid, or to any of the other provisions of the rental agreement. They were directed only to the facts of an agreement for the payment of a rental in the amount of $300 and the payment by appellee of $100 under this agreement. The only other matter before the court concerning the rental agreement was the acreage involved. One of the interrogatories and the answer thereto did relate to the damages claimed by the appellee under his counter-claim.

■ The admissions that an agreement had been entered into for a rental of $300 and the payment of $100 thereon did not

determine all the issues of fact and thus entitle the appellants, as a matter of law, to a summary judgment or a judgment on the pleadings.

The appellant's second point is that:

"The Court declined to decide the case on its merits to the prejudice of the parties."

The entire argument under this point is predicated upon some comments by the court concerning difficulties in deciding the case because of the absence of the appellants, the relatively small amount involved, and some of the conflicts in the evidence.

On appeal all reasonable presumptions will be indulged to support the decision and judgment of the trial court and the proceedings in that court. Mitchell v. McCutcheon, 33 N.M. 78, 260 P. 1086; Federal Land Bank of Wichita v. Beck, 46 N.M. 87, 121 P.2d 147; Scott v. Brown, 76 N.M. 501, 416 P.2d 516, 1966; Hamilton v. Korbly, 205 N.E.2d 833 (Ind.App.1965); Duff v. Schaefer Ambulance Service, 132 Cal.App. 2d 655, 283 P.2d 91; Smith v. Smith, 17 N.J. Super. 128, 85 A.2d 523.

The case came on for trial. The parties announced ready, adduced their evidence, and rested their respective cases. Counsel for the parties argued their cases. The court then commented at some length upon the evidence, the conflicts therein, and the absence of evidence on certain matters. He then announced his decision. These facts all refute the contention of appellants that the trial court declined to decide the case on its merits.

The third point relied on for reversal is that:

"The judgment of the Court is contrary to the findings of the Court and is not supported by any substantial evidence."

Appellants must fail under this point because no findings of fact nor conclusions of law were requested, and no decision, containing findings of fact and conclusions of law, as contemplated by Rule 52(B), Rules of Civil Procedure, § 21–1–1, N.M.S. A.1953, was made and filed.

An oral opinion is not a "decision," as contemplated by this rule, and error cannot be predicated on an oral opinion. Mirabal v. Robert E. McKee, General Contractor, Inc., 74 N.M. 455, 394 P.2d 851. An appellant who fails to timely request findings cannot obtain a review of the evidence on appeal. Edington v. Alba, 74 N.M. 263, 392 P.2d 675.

Finding no error, the judgment of the trial court will be affirmed.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.