**UNITED STATES of America, Plaintiff,**

v.

**Pasquale A. MASSI, Defendant.**

**Crim. A. No. 925.**

United States District Court
W. D. Arkansas,
Hot Springs Division.

Jan. 5, 1968.

Charles M. Conway, U. S. Atty., Fort Smith, Ark., for plaintiff.

William W. Green, Richard W. Hobbs, Hot Springs, Ark., for defendant.

## OPINION

JOHN E. MILLER, Senior District Judge.

On January 3, 1968, the defendant filed a motion for an order to take the deposition of Theodore G. Duncan, M. D., a witness for defendant, on oral interrogatories. As grounds for the motion the defendant alleged that Theodore G. Duncan is a duly qualified and practicing medical doctor with offices in Philadelphia, Pa.; that the defendant "has recently been a patient of the said witness and the said witness is in full possession of all medical charts and information concerning the physical condition of the said defendant which existed prior to and at the time of the alleged commission of certain acts as set forth in the indictment returned against the defendant in this court; that the said witness' testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice."

In numbered paragraph 3 of the motion, the defendant alleged:

"That because of the witness's medical practice and because of the distance and expense that would be involved in procuring the attendance of said witness to testify in person in the trial of this cause, a terrific hardship would be placed upon the defendant in so doing and that in the interest of justice, an order of this court should be entered, granting the defendant permission to take the deposition of the said witness at the time and place indicated herein in that the deposition is necessary for the proper defense of the defendant in the trial of this cause."

Attached to the motion is a copy of the notice directed to the United States Attorney, which fixes the time for taking the deposition at 10 o'clock a. m., on the 17th day of January, 1968, at Suite P, Third Floor, Benjamin Franklin Clinic, 330 South 9th Street, Philadelphia, Pa.

In support of the motion, Mr. William W. Green, one of the attorneys of record for the defendant, has attached his affidavit, in which he stated:

" * * * that it is necessary to offer into evidence at the trial of the Defendant testimony concerning the physical condition of the Defendant prior to the date the said Defendant is said to have committed the said crime, and that it would cause an undue hardship upon the Defendant to pay for the expenses of the said witness to travel from Pennsylvania to Hot Springs, Arkansas, and testify at said trial and return to the witness's place of abode; that because of the witness's extensive practice in the medical field, the witness would be unable to take the time to leave his said practice and make the journey from Pennsylvania to Hot Springs, Arkansas, and testify at the said trial and return to his abode; that the testimony of the witness is needed in order to prevent a failure of justice; that it would cause no hardship upon the

Department of Justice to take the deposition on oral interrogatories of the said witness; that the United States Attorney for the Western District of Arkansas has refused to agree and stipulate as to the taking of the said deposition."

The United States Attorney on January 4, 1968, filed a response to the motion in which he stated that the motion does not allege and the affiant in the accompanying affidavit does not aver (1) that Theodore G. Duncan is unable to attend or prevented from attending the trial of the case on its merits; (2) does not aver facts that make it appear that such testimony is material; (3) does not aver facts that make it appear necessary to take the witness' deposition in order to prevent a failure of justice; and alleged that the motion is conclusory and insufficient to justify granting leave to take the deposition, and that a reasonable time for filing of the motion has elapsed and such motion should be overruled as not timely.

In the alternative the United States Attorney alleged that should the court order that the witness' testimony be taken by deposition, said order should be conditioned upon the waiver of privilege of all statements, reports, and other medical information of all physicians, hospitals, and other facilities which may have treated the defendant for any purpose, and require the defendant to furnish a list of all physicians who have treated him during the past three years, and further that the defendant be required to submit to a medical examination by physicians of the Government's choice at a time prior to the trial of this case.

The indictment, containing three counts, was returned and filed on August 16, 1967. The first count charges the defendant and one Stephen Taylor, Jr., a co-conspirator, but not a defendant, conspired to commit an offense against the United States, an act of sodomy on lands within the confines of the Hot Springs National Park, in violation of 18 U.S.C. § 13 and Ark.Stat. Ann. § 41–813.

Count 2 charges that on or about June 11, 1967, at Hot Springs National Park, Arkansas, on lands acquired for use of the United States and under the exclusive jurisdiction thereof, the defendant did commit "an act of sodomy in that he voluntarily participated with one Stephen Taylor, Jr., another male person in an unnatural act of sexual intercourse" in violation of 18 U.S.C. § 13 and Ark. Stat.Ann. § 41–813.

Count 3 charges that on or about the same date the defendant corruptly offered money to one David J. Essex, an officer and employee of the United States, with the intent to induce the said Essex to omit to do an act in violation of his lawful duty with respect to the apprehension and arrest of law violators in the Hot Springs National Park in violation of 18 U.S.C. § 201.

Soon after the return and filing of the indictment, the zealous and able counsel for the defendant filed ten motions of various kinds, which motions were set for hearing on October 31, 1967, and at the conclusion of the hearing the court denied and overruled all of the motions.

On November 22, 1967, the defendant filed a motion for the return of passport, which had been delivered by the attorneys for the defendant to the United States Commissioner at the time the bond was fixed. After a hearing this motion was denied and overruled on December 12, 1967.

During the hearing on the motion for the return of the passport, counsel for defendant stated that they desired to take the oral deposition of a physician in Philadelphia, Pa., and requested the United States Attorney to agree to the taking of the same, but the United States Attorney would not agree to it and demanded that a proper showing for cause be made. Whereupon the court advised the attorneys for the defendant that if they desired to submit the matter to the court, they should proceed to file the

proper motion, the filing of which was delayed 21 days. In the meantime the case was set for trial beginning January 24, 1968, at Hot Springs, Arkansas.

Rule 15(a), Fed.R.Crim.P., provides:

"(a) If it appears that a prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment or information may upon motion of a defendant and notice to the parties order that his testimony be taken by deposition * * *."

Rule 15(e), Fed.R.Crim.P., provides:

"(e) At the trial or upon any hearing, a part or all of a deposition, so far as otherwise admissible under the rules of evidence, may be used if it appears: That the witness is dead; or that the witness is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or that the witness is unable to attend or testify because of sickness or infirmity; or that the party offering the deposition has been unable to procure the attendance of the witness by subpoena. * * *"

■ Tested by the provisions of the rule heretofore set forth, it is clear that the motion is insufficient. Upon arraignment the defendant entered a plea of not guilty. There is and was no indication that his defense is based upon insanity at the time of the alleged commission of the acts charged in the indictment. The motion does not allege any facts establishing that the testimony of the witness would be material or that the witness is unable to attend, or is prevented from attending the trial of the case on the merits. No facts are alleged showing that the testimony of the witness is necessary in order to prevent a failure of justice.

The witness is a resident of the United States and subject to subpoena as provided in Rule 17(e), Fed.R.Crim.P. As an excuse for not serving a subpoena and obtaining the attendance of the witness, the defendant states that because of the witness' medical practice, the distance and expense that would be involved in procuring his attendance to testify in person, a terrible hardship would be placed upon the defendant. No doubt it would be expensive for the defendant to cause the witness to appear by a subpoena, but there is no suggestion that the defendant is indigent or unable to meet the expense, and upon the showing made, if the deposition were taken, it would be inadmissible under the plain provisions of Rule 15(e), Fed.R.Crim.P.

In United States v. Glessing, (D.Minn. 1951) 11 F.R.D. 501, Judge Nordbye, in the consideration of a motion for leave to take depositions, stated:

"The affidavit signed by, defendant's counsel in support of the motion states that the testimony of each member of the Presidential Appeal Board 'is material and it is necessary to take his deposition in order to prevent a failure of justice.' "

Glessing had entered a plea of not guilty, and in support of his motion alleged that the order of the Draft Board was invalid because it denied the defendant exemption as a minister of religion. Judge Nordbye further stated:

"However, there is a signal absence of any sufficient showing that any material testimony will be adduced from an examination of any member of the Appeal Board. The burden of establishing the necessity of taking these depositions under Rule 15(a) rests upon the movant. Depositions in criminal cases are to be taken only in exceptional situations and in order to prevent a failure of justice." (Citing cases.)

See, also, In re United States, (1 Cir. 1965) 348 F.2d 624.

■ Depositions in criminal cases may be taken only on order of the court and not as a matter of right. In 8

Moore's Federal Practice, 2d Ed., § 15.02, the learned author at page 15–5 states:

> "In order for a defendant to obtain a deposition, he must show each of the following: (1) that it appears that a prospective witness may be unable to attend or prevented from attending the trial or hearing; (2) that the witness' testimony is material; and (3) that it is necessary to take his deposition 'in order to prevent a failure of justice.'"

The motion and supporting affidavit do not state facts but mere conclusions of the affiant. The defendant concludes that since the witness is a physician and busily engaged in the practice of his profession, that he cannot take the time to travel to Hot Springs, Arkansas, to give his testimony and that in order to compel his attendance by subpoena would work a hardship on him financially. The conclusions of the defendant are not sufficient to justify the court to order that the deposition of the witness be taken, and an order is being entered to-day denying and overruling the motion.