491 P.2d 1163

**Jose SALAZAR, Petitioner-Appellant,**

v.

**STATE of New Mexico et al., Respondents-Appellees.**

**No. 767.**

Court of Appeals of New Mexico.

Dec. 3, 1971.

Oliver H. Miles, Las Cruces, for petitioner-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, for respondents-appellees.

## OPINION

COWAN, Judge.

Following his sentencing as an habitual criminal, from which no appeal was taken, petitioner filed a "Motion to Vacate Judgement (sic) and Sentence under Rule #93". From an order denying this motion without a hearing, the petitioner appeals. We reverse.

Petitioner's motion is based principally upon his assertion that he was denied the right of an appeal from his conviction because he was refused legal counsel. The motion alleges that the petitioner was an indigent; that counsel had been appointed to represent him at the trial, and did so represent him; that after conviction his court-appointed counsel timely filed notice of appeal and thereupon requested to be relieved from further representation of the petitioner; that this request was granted but no counsel was appointed to represent the petitioner in connection with his appeal and the time for perfecting the same has elapsed.

Rule 93(b) of the Rules of Civil Procedure provides:

> "*Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief*, the court shall cause notice thereof to be served upon the district attorney, of the judicial district in which such motion is pending, appoint local counsel if the prisoner is indigent, grant a prompt hearing therein, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him, or grant a new trial, or correct the sentence, as may appear appropriate." [Emphasis ours.]

The court's order, denying petitioner's motion without a hearing, is as follows:

> "THIS MATTER coming on for hearing before the Court on the Motion of Jose Salazar to vacate judgment and sentence under Rule 93 of the Rules of Civil Procedure for New Mexico District Courts;

> "AND THE COURT, having read said Motion and being fully advised as to all matters, facts, and in the premises, finds said Motion should be denied without a hearing.

> "IT IS, ACCORDINGLY, ORDERED that the Motion of Jose Salazar to vacate judgment and sentence under Rule 93 be and the same is hereby denied.

> "DATED this 5th day of May, 1971."

Since the only record before us is the petitioner's motion and the proceedings in connection therewith, we are unable to determine what the "files and records of the case" show, but the motion itself does not "conclusively show that the prisoner is entitled to no relief". It follows that a hearing should have been held in accordance with Rule 93(b) for a determination of the issues and for the filing of findings of fact and conclusions of law with respect thereto. State v. Patton, 82 N.M. 29, 474 P.2d 711 (Ct.App.1970); State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969).

Should the trial court determine that an appeal was taken but not perfected because petitioner, as an indigent, did not have counsel to perfect the appeal, the court might well follow the procedure suggested in State v. Barefield, 80 N.M. 265, 454 P.2d 279 (Ct.App.1969).

Should the trial court determine that no appeal was taken because petitioner did not have counsel for this purpose, the procedure suggested in State v. Gorton, supra, would be proper.

The cause is remanded for further action consistent herewith.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.