519 P.2d 140

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Grady Lee BILLINGTON, Defendant-Appellant.**

No. 1285.

Court of Appeals of New Mexico.

Feb. 6, 1974.

Wood, C. J., filed dissenting opinion.

James E. Templeman, Sanders, Snipes & Templeman, Lovington, for appellant.

David L. Norvell, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of perjury in violation of § 40A–25–1, N.M.S.A. 1953

<span>45</span>

(2d Repl. Vol. 6). Defendant appeals. We reverse.

(1) *The trial court abused its discretion in denying defendant a continuance.*

On November 10, 1972, defendant filed a motion for disclosure of names of witnesses the State intended to call at trial pursuant to Rule 27(b) of the Rules of Criminal Procedure [§ 41–23–27(b), N.M.S.A. 1953 (2d Repl. Vol. 6, 1973 Supp.)]. On January 5, 1973, the State voluntarily furnished a list of witnesses which did not include an important witness whose testimony was critical, not technical or cumulative.

On March 21, 1973, at a hearing before the trial court, defendant's attorney stated:

I assume no other witnesses since January 3rd have been added to this list and under the circumstances, I'm satisfied.

The State: That's correct, Your Honor.

The Court: Well, if they haven't been added, they're not going to get added if they don't do it and advise you about it, so you are that far ahead. All right. * * * [W]e will proceed to trial then tomorrow on this case * * *.

The next day, on March 22, 1973, out of the presence of the jury panel, the State moved to add the name of an important witness which the State had disclosed to defendant's attorney by telephone the day before. The defendant objected. Over objection, the trial court allowed defendant's attorney to question the State's witness for a few minutes. Thereafter, defendant moved the trial court "for a continuance until such time as is needed to obtain a deposition of the witness * *." The motion was overruled. The trial court abused its discretion, and defendant was entitled to a continuance as a matter of law.

Rule 30 [§ 41–23–30, N.M.S.A. 1953 (2d Repl. Vol. 6, 1973 Supp.)] reads as follows:

If, subsequent to compliance with a request or order for discovery under Rules

**46**

27 or 28 [41–23–27 or 41–23–28], and prior to or during trial, a party discovers additional material or witnesses which he would have been under a duty to produce or disclose at the time of such previous compliance if it were then known to the party, he shall promptly give written notice to the other party or the party's attorney of the existence of the additional material or witnesses. *If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule* or with an order issued pursuant to this rule, *the court may order such party to permit the discovery* or inspection of materials *not previously disclosed, grant a continuance,* or prohibit the party from calling a witness not disclosed, or introducing in evidence the material not disclosed, or it may enter such other order as it deems appropriate under the circumstances. [Emphasis added].

This rule is the same as Rule 16(g) of the Federal Rules of Criminal Procedure. 18 U.S.C.A. Rule 16(g).

Rule 29, supra, allows the defendant to take the deposition of any person. This right of discovery by deposition would have aided the defense.

The American Bar Association's Advisory Committee on Pretrial Proceedings' Standards Relating to Discovery and Procedure Before Trial, § 2.1(a)(i) provides that the prosecuting attorney shall disclose to defense counsel "the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial * * * *" United States v. Leichtfuss, 331 F.Supp. 723, 733 (N.D. Ill.1971).

The Commentary, p. 56, says:

This subsection not only facilitates plea discussions and agreements but also goes to the heart of the general proposition that defense counsel must be permitted to prepare adequately to cross-examine the witnesses against the accused and otherwise test their credibility, as well as to produce other evidence relevant to the

facts in issue. See §§ 1.1(a)(iii), 1.2. It has been suggested that the right to advance notice of witnesses against one and their prior statements may be required by the sixth amendment and by due process. Palermo v. United States, 360 U.S. 343, 362–66 [79 S.Ct. 1217, 3 L. Ed.2d 1287] (1959); see Jencks v. United States, 353 U.S. 657 [77 S.Ct. 1007, 1 L.Ed.2d 1103] (1957); Note, 20 Okla.L. Rev. 422 (1967).

See, State v. Jones, 209 Kan. 526, 498 P.2d 65 (1972).

■ The defendant is entitled to a fair trial. One of the purposes of a deposition is to permit the defendant to seek avenues of impeachment of the State's witness on cross-examination during trial. Rule 29(n)(5), supra.

The State's witness had testified at a prior trial in which the defendant was a witness. The defendant had no reason to prepare cross-examination of this State's witness because his name was not disclosed. Even if defendant was familiar with this witness' trial testimony, defendant had the right to take the deposition of this witness to determine whether his prior testimony was true, to test his credibility, to seek impeachment, to produce other evidence, to seek discovery, all for the orderly administration of criminal procedures prior to trial. Rule 30, supra, was violated.

If, after the deposition is taken, the defendant believes that he will be proven guilty, he may enter into plea bargaining or plead guilty to avoid the necessity and expense of a jury trial. United States v. Isa, 413 F.2d 244, 248 (7th Cir. 1969).

■ District attorneys should not have the right to "inadvertently" overlook disclosing important witnesses until the day before trial, the morning of trial, or during trial.

State v. Maes, 81 N.M 550, 469 P.2d 529 (Ct.App.1970) quoted the following with approval:

When it is made to appear that testimony of the witness is such that it cannot

be reasonably anticipated, postponement or continuance of the hearing is available to the defendant to meet it and if application therefor is denied, prejudice being shown, reversal will follow.

Defendant was entitled to a continuance as a matter of law. See, State v. Sibold, 83 N.M 678, 496 P.2d 738 (Ct.App.1972); United States v. Kasouris, 474 F.2d 689 (5th Cir. 1973); Sheridan v. State, 258 So. 2d 43 (Fla.App.1971).

The trial court abused its discretion. State v. Hargrove, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970); United States v. Isa, supra. The error was so prejudicial to the substantial rights of the defendant as to necessitate a reversal. United States v. Kasouris, supra. "In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate." Dennis v. United States, 384 U.S. 855, 875, 86 S.Ct. 1840, 1851, 16 L.Ed.2d 973 (1966).

(2) *Defendant was not entitled to a directed verdict.*

Defendant contends he was entitled to a directed verdict because the evidence was insufficient to sustain the conviction. We have reviewed the record and we find the evidence sufficient to sustain the conviction for perjury.

The purpose of this opinion is not to assist the defendant, but to improve the administration of justice.

Reversed.

It is so ordered.

LOPEZ, J., concurs.

WOOD, Chief Judge (dissenting).

The issue is the State's late disclosure of the name of a witness and the consequences which follow from the late disclosure. This involves Rules 27 and 30 of the Rules of Criminal Procedure. Sections 41–23–27 and 41–23–30, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1973).

Under Rule 27(b), a defendant may "serve" on the district attorney a request to produce a written list of witnesses which the district attorney intends to call at the trial. Rule 27(d) provides for the district attorney's written response. Rule 27(e) provides for a hearing if the district attorney fails to respond.

Defendant, by formal motion filed subsequent to the information, sought an order requiring the State to furnish a list of witnesses the State intended to call at the trial. The State contends there is no showing that this motion was "served" on the State and, thus, the defendant was not entitled to a list of the State's witnesses. The State contends there is no issue concerning late disclosure because it was not required to disclose any witness. The contention is without merit. The record shows that defendant's disclosure motion had been "disposed of;" that the State had furnished a list of witnesses. Because the record shows a response by the State, the "no service" claim does not avoid the issue of late disclosure. Although the majority opinion does not discuss this contention, I agree with the majority that the late disclosure issue is to be decided.

The majority opinion does not state the full sequence of events. The State's list of witnesses had been furnished in January, 1973. On March 20, 1973, by letter, the assistant district attorney requested the clerk of court to endorse on the information, as a witness, the name of O'Neal. The endorsement occurred on the same date. "By oversight," defendant was not provided a copy of this letter. At a hearing on March 21, 1973, the assistant district attorney assured defendant that no new witnesses had been added to the witness list supplied in January. However, by telephone, on March 21st, defendant was notified of the endorsed witness.

Immediately prior to trial on March 22, 1973, defendant objected to the endorsement of O'Neal as a witness and claimed that O'Neal should not be permitted to testify. The trial court overruled these contentions.

Defendant contends the State violated either Rule 27 or Rule 30. Representations made to the trial court indicate the State may have violated Rule 27. Defendant, however, did not rely on Rule 27 before the trial court. Although the majority opinion does not discuss this contention, I agree with the majority approach in deciding the appeal on the basis of Rule 30.

There are two violations of Rule 30. Once the State made its decision to call O'Neal as a witness it violated the rule in failing to give defendant prompt notice of its decision. The notice, when given, was oral. The rule requires written notice.

What follows from these violations? The rule authorizes the trial court to grant a continuance, to prohibit the party from calling the undisclosed witness or to enter such other order as the court deems appropriate under the circumstances. This wording leaves sanctions for violation of Rule 30 to the discretion of the trial court. The appellate issue is whether the trial court abused its discretion. The majority opinion uses this standard.

An abuse of discretion is an erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts and circumstances before the court. State v. Hargrove, 81 N.M 145, 464 P.2d 564 (Ct.App.1970).

The majority hold that the trial court abused its discretion in failing to grant defendant's motion for a continuance. The majority state the failure to grant a continuance was prejudicial because the late disclosure of O'Neal as a witness deprived defendant of the opportunity to depose O'Neal and because of the late disclosure the defendant had no opportunity to prepare a cross-examination of O'Neal. The showing in the record does not support the majority.

Once the late disclosure was brought to the trial court's attention, defendant's position was that it became the State's duty to show why the State needed O'Neal as a witness and why the State failed to disclose his name to the defendant. The va-

lidity of this procedure is not an issue because the State proceeded to make such a showing. In doing so, the State stated it had no objection to a delay in the trial to allow defense counsel to talk to the witness because "his testimony will be the same as in the prior trial."

The trial court approved the endorsement of O'Neal as a witness. Defendant continued his objection to allowing O'Neal to testify.

Through this point in the proceedings the only claim made by the defense was that the State was required to justify the use of O'Neal as a witness. After the trial court's ruling, defendant continued his objection. This can only be interpreted as a claim that the State's justification was insufficient. No such claim is made in the appeal.

After the trial court's ruling, defendant moved for a continuance until such time as is needed to obtain a deposition of O'Neal. The majority hold that denial of a continuance was an abuse of discretion. In so doing, the majority refer to Rule 29 of the Rules of Criminal Procedure. Section 41–23–29, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1973). The majority state: "This right of discovery by deposition would have aided the defense."

The majority err because there is no "right" to take depositions in criminal cases. Rule 29(a) states when the taking of a deposition is allowed. There must be a showing that the testimony is material and relevant to the offense charged. The State's, not the defendant's, showing at the hearing on defendant's objection to allowing O'Neal to testify supplied this showing.

Rule 29(a) also requires a showing: "that it is necessary to take his deposition to prevent injustice, and either (1) the person will not co-operate in giving a voluntary, signed, written statement to the moving party, or (2) the person may be unable to attend trial or a hearing."

Depositions in criminal cases may be taken only on order of the court and not as a matter of right. United States v. Massi,

277 F.Supp. 371 (W.D.Ark.1968). Since defendant was the party seeking to depose O'Neal, the burden was on defendant to make the showing required by Rule 29(a). United States v. Bronston, 321 F.Supp. 1269 (S.D.N.Y.1971). It is not error to refuse to authorize the taking of a deposition, if the showing required by Rule 29(a) has not been made. United States v. Birrell, 276 F.Supp. 798, at 822 (S.D.N.Y. 1967).

The record shows that O'Neal was present at the trial. Defendant never claimed that O'Neal's deposition was necessary to prevent injustice. Defendant failed to make the showing required by Rule 29(a) for taking O'Neal's deposition. Accordingly, the trial court did not err in refusing a continuance to allow the taking of a deposition when the requirements for authorizing a deposition had not been met.

The majority also hold the trial court abused its discretion in not allowing a continuance because the late disclosure of O'Neal as a witness deprived defendant of the opportunity to prepare his cross-examination. This then is a holding that defendant was prejudiced by the late disclosure. It is not supported by the record.

Defendant did not claim that he was suprised that O'Neal would be called as a witness. He did not claim that O'Neal's testimony could not be reasonably anticipated. He did not claim that he did not know the content of O'Neal's testimony; he admitted that he had a transcript from the prior trial at which O'Neal testified. Compare State v. Carlton, 83 N.M 644, 495 P.2d 1091 (Ct.App.1972); State v. Mora, 81 N.M 631, 471 P.2d 201 (Ct.App.1970); State v. Maes, 81 N.M. 550, 469 P.2d 529 (Ct.App.1970) and decisions cited in those cases. The record negates any prejudice in allowing O'Neal to testify.

Any basis for reversal in this record is a chimera.

I dissent.