539 P.2d 218

Alvino S. CHACON, Petitioner-Appellant,

v.

STATE of New Mexico, Respondent-Appellee.

No. 1957.

Court of Appeals of New Mexico.
July 30, 1975.

James R. Beam, Albuquerque, for petitioner-appellant.

Toney Anaya, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

WOOD, Chief Judge.

Prior to trial defendant requested disclosure of papers and documents within the possession of the State "which are material to the preparation of the defense . . .." Rule of Criminal Procedure 27(a)(5). The trial court ordered disclosure. The State failed to disclose a supplemental police report and the statement of a witness. Defendant learned of the nondisclosure subsequent to his conviction for burglary. Section 40A–16–3, N.M.S.A.1953 (2d Repl.Vol. 6). He moved for post-conviction relief because of the nondisclosure. The motion was denied; defendant appeals. Where the violation of Rule of Criminal Procedure 27(a)(5) is not discovered until after trial, what standards are to be applied in determining whether defendant is entitled to a new trial because of the nondisclosure?

The rules of criminal procedure do not provide the answer to this fact situation. The rule most nearly applicable is Rule 30, but it applies to disclosure violations discovered prior to or during trial.

The trial court stated two reasons for denying post-conviction relief: (1) there was no deliberate suppression of evidence and no knowing failure to disclose, and

(2) the nondisclosed documents do not favor the defendant. Both reasons are inaccurate statements of the applicable standards.

█ The nondisclosed documents were in the possession of the district attorney's office, but had been placed in the wrong file. The nondisclosure was inadvertent. No different standard applies because the nondisclosure is negligent rather than deliberate. *Trimble v. State,* 75 N.M. 183, 402 P.2d 162 (1965); compare *State v. Hogervorst,* 87 N.M. 458, 535 P.2d 1084 (Ct.App.1975).

One standard is that the nondisclosed items must be material. Material to what? In discussing suppressed evidence in terms of constitutional due process, *State v. Morris,* 69 N.M. 244, 365 P.2d 668 (1961) refers to evidence "material to the guilt or innocence of the accused, or to the penalty to be imposed." *Trimble v. State, supra,* does not approve a lesser standard because *Trimble* states: "Nothing which follows . . . conflicts with our holding in *State v. Morris, supra.*"

Rule of Criminal Procedure 27(a)(5) is worded differently than the due process standard. The rule concerns items which are material to the preparation of the defense. It is unnecessary to decide whether "material to the preparation of the defense" has a meaning greater in scope than "material to the guilt or innocence of the accused". The rule could not validly diminish the constitutional standard. The constitutional standard is a part of the standard set forth in the rule. Specifically, "material to the preparation of the defense" has as a minimal meaning "material to the guilt or innocence of the accused". We need not go beyond this minimal meaning to decide this case.

█ The undisclosed witness statement was that of Mrs. Gayton. She observed the truck and its occupants, including defendant, prior to the unauthorized entry into the store. Her statement tended to corroborate defense witnesses as to how entry was obtained. Her statement tended to contradict the testimony of police witnesses, both in the case-in-chief and in rebuttal, as to the method of entry. Her statement was clearly material to that issue.

The undisclosed supplemental police report was by Detective Prestwood. Defendant asserts that if the supplemental report had been disclosed he would have known of another eyewitness—Mr. Gayton. We do not consider this argument further because the supplemental report does not refer to Mr. Gayton or to Detective Prestwood's interview of Mr. Gayton. Instead we consider whether the contents of the report itself was material. "Writer *observed* where force was used to gain entry to place of business . . . glass was inside of place of business and door appeared to have been damaged when truck . . . was used to break the door." (Our emphasis.) This statement also tends to corroborate defense witnesses and to contradict the testimony of police witnesses that entry was by use of a pry bar.

Mrs. Gayton's statement and Detective Prestwood's report were material to the method of entry. These items were material to the preparation of the defense because material to defendant's guilt or innocence.

█ In applying the constitutional standard in *Trimble v. State, supra,* and *State v. Morris, supra,* those cases discuss whether the defendant was prejudiced. Our understanding of those decisions is that prejudice is a standard separate from the standard of materialness; specifically, even if the undisclosed item was material, there would be no reversal unless defendant had been prejudiced. Consistent with this view, *State v. Quintana,* 86 N.M. 666, 526 P.2d 808 (Ct.App.1974) considered whether a party had been prejudiced by nondisclosure. Compare *State v. Billington,* 86 N.M. 44, 519 P.2d 140 (Ct.App. 1974). We hold that prejudice is an applicable standard, that nondisclosure of items

material to the preparation of the defense is not reversible error in the absence of prejudice.

Was defendant prejudiced? The defense at trial was that, when entering the store, defendant did not have the intent necessary for burglary. Evidence in support of this defense was introduced at trial. This evidence included testimony of defendant's heavy drinking, of defendant suffering from alcoholic amnesia, of defendant's conduct when apprehended at the scene, and of the method of entry into the store. This evidence came from members of defendant's family and friends, and from an examining physician. This evidence was contradicted by police witnesses. The nondisclosed information would have provided the defense with two witnesses—a detective and Mrs. Gayton—who tended to corroborate the defense and tended to contradict police witnesses concerning the method of entry. The method of entry was relevant to defendant's intent upon entry. Compare *State v. Mata,* 86 N.M. 548, 525 P.2d 908 (Ct.App.1974).

The nondisclosure had the effect of depriving defendant of two independent witnesses. Because the witnesses were independent—that is, not connected with defendant or his family—this deprivation was prejudicial.

Oral argument is unnecessary. The order denying post-conviction relief is reversed. The cause is remanded with instructions to set aside the judgment and sentence and grant defendant a new trial.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

A. *Rule 93 relief was erroneously denied.*

Defendant filed a motion for Rule 93 relief, § 21-1-1(93), N.M.S.A.1953 (Repl. Vol. 4). Defendant requested the court to direct the State to disclose any documents in its possession or control material to the defense. A hearing was held. It disclosed a written statement by Mary Gayton and a supplementary report by a detective in the Sheriff's department. The trial court entered an order "that the Defendant's motion is denied." In its comments after the hearing, the trial court stated:

[T]here's been no showing of any deliberate suppression or use of false evidence by the district attorney or any knowingly failing to give a statement that the district attorney had in the file. On its face, the Mary Gayton statement, in any event, would not appear, from a fair reading of that statement, to be in favor of the defendant.

Comments of a trial court after hearing and before entry of a final order cannot be relied on as the basis for error. *Stone v. Stone,* 79 N.M. 351, 443 P.2d 741 (1968). An oral opinion is not a decision, and error cannot be predicated on an oral opinion. *Ellis v. Parmer,* 76 N.M. 626, 417 P. 2d 436 (1966).

Rule 93 relief is a civil proceeding and is governed by the rules of civil procedure. *State v. Martinez,* 77 N.M. 745, 427 P.2d 260 (1967). Rule 93(b) provides that the trial court must make findings of fact and conclusions of law. *Salazar v. State,* 83 N.M. 352, 491 P.2d 1163 (Ct.App.1971).

The defendant submitted findings of fact and conclusions of law. The State did not. The trial court made none. Furthermore, the trial court did not determine whether the failure to disclose the Sheriff's supplemental report was a reason for denying relief.

This case should be remanded to the district court to make findings of fact and conclusions of law. On this ground, I dissent from the majority opinion.

B. *The Meaning of the Majority Opinion.*

The majority opinion states:

Specifically, "material to the preparation of the defense" has a minimal meaning "material to the guilt or innocence of the accused". We need not go

beyond this minimal meaning to decide this case.

Rule 27(a)(5) of the Rules of Criminal Procedure [§ 41–23–27, N.M.S.A.1953 (2d Repl.Vol. 6, 1973 Supp.)] provides for disclosure by the government. It reads:

(a) The defendant may serve on the district attorney a request to produce and permit the defendant to inspect, copy or photograph:

\* \* \* \* \* \*

(5) Any books, papers, documents, photographs, [of] [*sic*] tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the state, and which are material to the preparation of the defense or are intended for use by the state as evidence at the trial, or were obtained from or belong to the defendant; . . ..

The district attorney must, upon request of the defendant, produce any of the above described items which are favorable or unfavorable to the defendant, but which are necessary or essential in aiding the defendant in the preparation of his defense, i. e., which bear upon the guilt or innocence of the accused. This is broad terminology. The district attorney cannot hide behind negligent or deliberate suppression of any one of the items described. To do so denies the defendant a fair trial.

A paper or document which aids the State in proving the defendant's guilt, even though not intended for use by the State as evidence at the trial, may lead the defendant to discover evidence therein that will aid him in attempting to prove his innocence or it may corroborate the testimony of his defense.

The district attorney should not hesitate to show his entire file to the defendant. It is not the primary duty of the district attorney to convict a defendant. It is his primary duty to see that the defendant has a fair trial, that justice is done. *State v. Chambers*, 86 N.M. 383, 524 P.2d 999 (Ct. App.1974).