STATE of Utah, Plaintiff and Respondent,

v.

William STEWART, Defendant and Appellant.

No. 13772.

Supreme Court of Utah.

Dec. 26, 1975.

---

John W. Kunkler of Salt Lake Legal Defenders Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant, William Stewart, appeals from a conviction on the charge of unlawful distribution for value of a controlled substance, namely marijuana. The information filed in these proceedings alleges that on November 10, 1973, defendant did unlawfully distribute for value a controlled substance, to-wit: cannabis sativa to Rodney Ward.

The evidence shows that Rodney Ward was employed by the Salt Lake Police Department as an undercover agent. On November 10, 1973, he went to Police Headquarters where he contacted Officer Brophy who searched him and thereafter gave him $20. Officer Brophy and Officer Millard drove Ward to the neighborhood of the defendant's residence. Ward went to the defendant's home and returned to a patrol car in a few minutes with a substance which he turned over to the officers. Ward testified that he gave the defendant the $20 he had received from the officer and in exchange he received from the defendant the substance which other testimony in the case disclosed to be marijuana. Ward and the police officers returned to Police Headquarters where Ward was again searched. Officers Brophy and Millard testified that they took Ward to the defendant's neighborhood where he left them and returned in a few minutes with the substance above referred to. Officer Brophy further testified that before Ward had left and proceeded to the defendant's home, a monitoring device had been attached to his body which recorded a conversation between the defendant and Ward and that the conversation was recorded in the patrol automobile by the officers. Brophy also testified that subsequently he erased the tape so that it could be used in other investigations.

During the trial the defendant moved for an order requiring the prosecution to produce the tape in question or in the alternative to dismiss the information. The court denied the defendant's motion. During the trial, the defendant attempted on cross-examination to elicit from the state's witness Ward that he had been found guilty of burglary in the juvenile court. The court sustained the prosecution's objection to the defendant's questions put to the witness concerning his record in the juvenile court.

Defendant is here seeking a reversal upon two grounds; namely, (1) that the court erred in denying him the privilege of inquiring into Ward's record as a juvenile; and (2) that the erasure of the tape above referred to was in effect a suppression of the evidence by the prosecution and denial of due process of law.

Proceedings in children's cases in the juvenile court are regarded as civil proceedings and an adjudication by a juvenile court that a child is within its jurisdiction is not deemed conviction of a crime.

The provisions of Sections 55–10–105(3), U.C.A.1953, provide that neither the record in the juvenile court nor any evidence given in the juvenile court shall be admissible as evidence against the child in any proceedings in any other court. In view of the fact that the witness in question could not have been convicted of a felony in the juvenile court, the ruling of the trial court in these proceedings sustaining the prosecution's objection to the defendant's going into the witness' prior juvenile court record was not erroneous.

 As to the defendant's second claim of error, while it is true that a deliberate suppression or destruction of evidence by those charged with the prosecution, including police officers, constitutes a denial of due process if the evidence is material to the guilt or innocence of the defendant in a criminal case, there is no showing in this case that the material recorded on the tape in question was vital to the issue of whether or not the defendant was guilty of the charge.[1] The record in this case fails to show a fundamental unfairness which would require the court to set aside the defendant's conviction. This is especially true in view of the fact that the defendant at the trial categorically denied that he had sold the marijuana in question and further denied that he had seen the witness Ward on the day the sale to Ward supposedly occurred.

 We think it advisable that those charged with investigation and prosecution of crime retain intact all records and other evidence pertaining to the case until it is finally disposed of. By adopting such a practice, a claim of unfairness by one charged with a criminal offense would be groundless.

The judgment of the court below is affirmed.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

[1]. *Trimble v. State,* 75 N.M. 183, 402 P.2d 162; *State v. Morris,* 69 N.M. 244, 365 P.2d 668; *United States v. Baldi,* 195 F.2d 815, 33 A.L.R.2d 1407.