630 P.2d 763

**STATE of New Mexico, Petitioner,**

v.

**Richard Arnold DURAN, Respondent.**

**No. 13409.**

Supreme Court of New Mexico.

July 2, 1981.

■■■■■■■■■■■■■■■■■■■■

Jeff Bingaman, Atty. Gen., Carol Jean Vigil, Asst. Atty. Gen., Santa Fe, for petitioner.

Martha A. Daly, Appellate Defender, Santa Fe, for respondent.

## OPINION

EASLEY, Chief Justice.

Duran was convicted of second-degree murder. Prior to trial, he moved to dismiss or preclude presentation of fingerprint evidence on the ground that the investigating officers improperly destroyed a Coke can found at the scene of the crime from which a fingerprint matching Duran's was lifted. The trial court denied the motion. The Court of Appeals placed the case on its summary calendar and reversed by memorandum opinion without allowing briefing or filing of the record. We reverse the Court of Appeals.

The sole question on certiorari is whether the destruction of the Coke can constituted the improper and prejudicial suppression of material evidence.

Officers investigating the scene of the crime lifted more than ten fingerprints from objects found at the scene. Prints were lifted from inside and outside a door, a glass mug, a table, a water pipe, and a Coke can found in a trash receptacle. After the fingerprint was lifted off of the Coke can, the can was returned to the trash receptacle. At the time the officers lifted the prints, they did not know to whom they belonged and they did not know that Duran was a suspect. Subsequent investigation revealed that some of the fingerprints, including the print obtained from the Coke can, matched Duran's.

The Court of Appeals, in reversing the conviction, relied on its opinion in *State v. Lovato*, 94 N.M. 780, 617 P.2d 169 (Ct.App. 1980). *Lovato* held that the suppression of evidence by the State requires reversal of the conviction if (1) the State either intentionally deprived the defendant of evidence, or, by inadvertence, breached a duty to preserve the evidence; (2) the suppressed evidence was material to the guilt or innocence of the accused; and (3) the defendant was prejudiced by the improper suppression of the evidence.

■ Under this test, we cannot agree that the bare failure to preserve the Coke can requires reversal in this case. Preliminarily, we note that it would be impossible to determine that the Coke can was material and that Duran was prejudiced by its destruction without a review of the record. The Court of Appeals therefore improperly set the case on its summary calendar. The State has provided us with a transcript of the hearing on Duran's motion. Although we will not normally consider exhibits to briefs which attempt to supply omissions to the record on appeal, we will take judicial notice of the transcript in this case for the purpose of resolving this appeal and because Duran was not allowed to file the record on appeal since the case was set on the Court of Appeals' summary calendar. *See Kassel v. Anderson*, 84 N.M. 697, 507 P.2d 444 (Ct.App.1973).

■ From the testimony admitted at the hearing the trial court properly concluded that the Coke can was not material and Duran was not prejudiced by its destruction. Evidence is material in this context if it is material to the guilt or innocence of the accused. *State v. Morris*, 69 N.M. 244, 365 P.2d 668 (1961); *Chacon v. State*, 88 N.M. 198, 539 P.2d 218 (Ct.App.1975). While the *fingerprint* obtained from the can was undoubtedly material to the guilt or innocence of Duran, none of the testimony indicated that the can was of any further use to either the prosecution or defense after the fingerprint had been lifted from it. Duran's own expert testified that the possibility of obtaining a second lifting of the fingerprint from the can was "not very probable." The only object of any evidentiary value—the fingerprint—was preserved by the State and available to defense counsel for testing and analysis. There simply was no showing that the Coke can

was in any way material to the question of guilt or innocence once the fingerprint had been obtained from it.

Duran would have us adopt a totally untenable position. His contention means that all objects from which fingerprints are obtained should be preserved as evidence. If a fingerprint was obtained from a wall, then that portion of the wall should be cut out and preserved. One can imagine the victim of a burglary watching in horror as the team of investigating officers arrives with crowbars and saws. Holes are cut in walls; doors, doorknobs and windows are removed; refrigerators, tables, dishes and furniture are hauled off as "evidence." The hapless victim might justifiably decide that the investigation was worse than the crime. This would not end the absurd results. The tons of objects collected, say in Bernalillo County, would soon fill the Courthouse and City Hall, and demand the construction of more storage space.

The courts do not and should not operate in a vacuum, or an ivory tower. Common sense is a key ingredient in the administration of justice. Application of that ingredient in this case calls for a reversal of the ruling that every original fingerprint and the object on which it is found must be seized and preserved as evidence.

The cause is remanded to the Court of Appeals for consideration of other points of error raised by Duran.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE, FEDERICI and RIORDAN, JJ., concur.