The STATE of Utah, Plaintiff
and Respondent,

v.

Francis Eugene KNILL, Defendant
and Appellant.

No. 18122.

Supreme Court of Utah.

Dec. 22, 1982.

Marlynn Bennett Lema, Price, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

In this appeal from a jury conviction of auto theft, defendant urges error in the denial of his motions to produce evidence and to dismiss for failure of proof, and in the failure to afford him a timely preliminary hearing and a speedy trial. We affirm.

Defendant was stopped by a highway patrolman who had seen him driving at a high rate of speed and had determined by radio inquiry that the license plate on his vehicle corresponded to one that had been stolen. Defendant's driver's license did not match the vehicle's registration card, which was in the name of Eric Wychgram of Maryland. An insurance card in the car also bore Wychgram's name. The serial number on the car door did not match the registration card in the vehicle.

Defendant was taken before a justice of the peace on June 26, 1981, the day after his arrest. Bail was set, a preliminary hearing was scheduled for July 22, 1981, and defendant asked that counsel be appointed. Eric Wychgram was informed that his automobile had been recovered. He flew to Utah, completed the necessary paperwork to repossess it, and departed on July 6 to drive it home. Thereafter, defendant waived preliminary hearing, then sought and was granted remand to the justice court and thereafter transfer to the circuit court, where a preliminary hearing was held on September 10. Along the way, retained counsel replaced appointed counsel.

Defendant was arraigned on October 6, 1981. The court denied his motion to dismiss for failure to provide a timely preliminary hearing, and three days later denied his motion for the State to produce the stolen automobile for inspection. Defendant's motion to suppress the State's evidence was denied just before trial. On October 15, 1981, a jury convicted defendant of one count of theft under U.C.A., 1953, § 76–6–404. During trial, the court denied defendant's motion to dismiss for the State's failure to prove that the automobile was stolen.

■ 1. Defendant contends that the district court abused its discretion by denying the pretrial motion to produce the automobile. It is clear that a trial court is allowed broad discretion in granting or refusing discovery and inspection, U.C.A., 1953, § 77–35–16(f), and its determinations on this subject will not be overturned on appeal unless the court has abused its discretion. *State v. Sims,* 30 Utah 2d 357, 360, 517 P.2d 1315, 1317 (1974), *cert. denied,* 417 U.S. 970, 94 S.Ct. 3175, 41 L.Ed.2d 1141 (1973); *State v. Lack,* 118 Utah 128, 134, 221 P.2d 852, 855 (1950). In this case, the automobile had been released from the prosecutor's possession and returned to its Maryland owner over three months before defendant demanded its production. Defendant's primary purpose for inspecting the car was presumably to show that the serial number on Wychgram's vehicle registration card did not match the number stamped on the automobile door, a fact that was uncontroverted by the State. There was no abuse of discretion in denying the

defense motion to produce the automobile when it was no longer in the possession of the State and when there was no showing of its evidentiary significance to the defense. *State v. Stewart,* Utah, 544 P.2d 477 (1975); *Stuart v. State,* Okla.Cr., 522 P.2d 288, 293 (1974).

■ 2. Error is also claimed to flow from the denial of defendant's motion to dismiss for the State's failure to identify the stolen automobile, as required in *State v. Hall,* 105 Utah 162, 167, 145 P.2d 494, 496 (1944). In that case, this Court stated:

> Under the authorities, it is clear that the State must definitely identify the goods found in the defendant's possession as the goods which were charged to have been stolen before the jury may draw an inference of guilt based upon the proof of possession by the defendant of such goods.

That rule was not violated in this case. Although the serial numbers on the registration card and on the vehicle door did not match, and only the card number was registered in Wychgram's name, the prosecution's evidence explained these discrepancies and established that the automobile was stolen from Wychgram. Wychgram testified that the difference in numbers was due to replacement of the original doors with doors from another vehicle. He also testified that before trial he personally verified that the numbers on the registration card and underneath the automobile matched. Additionally, the registration card and insurance card found in the automobile were in Wychgram's name, and numerous custom modifications of the automobile matched Wychgram's testimony of changes he had made. In light of this evidence, the district court obviously did not abuse its discretion in denying the motion to dismiss.

■ 3. Defendant also argues that his conviction be reversed because the preliminary examination was not held within ten days as required by U.C.A., 1953, § 77–35–7(c).[1] Defendant's preliminary examination was set for July 22, 1981, twenty-six days after his initial appearance before the committing magistrate. However, defendant waived this preliminary examination on July 17. Having done so, he is now estopped from objecting to the timeliness of the examination. *State v. Freeman,* 93 Utah 125, 132, 71 P.2d 196, 200 (1937).

■ Thereafter, defendant moved for remand to the magistrate for a preliminary examination. The motion was granted. Defendant contends that the ten-day limitation then commenced to run a second time and was violated. We disagree. The ten-day direction in § 77–35–7(c) only applies "[i]f the defendant does not waive a preliminary examination."[2] Since this defendant initially waived his preliminary examination, the statutory ten-day direction was inapplicable to any subsequent examination.

■ 4. Defendant further contends that he was denied a speedy trial under the Constitutions of the United States and the

---

1. U.C.A., 1953, § 77–35–7(c) provides in pertinent part:

   During the initial appearance before the [committing] magistrate, the defendant shall be advised of his right to a preliminary examination. If the defendant waives his right to a preliminary examination, ... the magistrate shall forthwith order the defendant bound over to answer in the district court. If the defendant does not waive a preliminary examination, the magistrate shall schedule the preliminary examination. *Such* examination shall be held within a reasonable time, but in any event not later than ten days if the defendant is in custody .... [Emphasis added.]

2. We reach this conclusion because the sentence containing the ten-day limitation begins with the word "such." *See* § 77–35–7(c), *supra* note 1. In this context, "such" refers to the immediately preceding antecedent, *Chase Rand Corp. v. Pick Hotels Corp. of Youngstown,* 167 Ohio St. 299, 307, 147 N.E.2d 849, 855 (1958); *In re Wallace's Estate,* 98 Cal. App.2d 285, 289–90, 219 P.2d 910, 913 (1950), which is in the preceding sentence. Consequently, the ten-day limitation only applies if the defendant does not waive a preliminary examination. Further support for this conclusion arises from the statute's failure to provide for a starting date for the ten-day period other than the date of "the *initial* appearance before the magistrate." § 77–35–7(c). (Emphasis added.)

State of Utah. Both guarantee the right to a speedy trial. U.S. Const. amend. VI; Utah Const. art. I, § 12.[3] Whether the federal right has been violated is determined by balancing the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). Similar considerations also apply under the Utah Constitution. *State v. Velasquez,* Utah, 641 P.2d 115, 116 (1982); *State v. Hafen,* Utah, 593 P.2d 538, 541 (1979); *State v. Giles,* Utah, 576 P.2d 876, 879 (1978).

■ In this case, the length of delay between defendant's arrest and trial was only three and one-half months, and much of this delay was due to defendant's waiver of preliminary hearing and to his later requests for remand to the justice court and transfer to the circuit court. Defendant makes no persuasive allegation of prejudice from the delay. Finally, according to the record, defendant failed to assert his right to a speedy trial in the trial court. For all these reasons, we conclude that he was not denied his constitutional right to a speedy trial. *See Barker v. Wingo, supra; State v. Hafen, supra.*

■ Defendant also asserts that the district court abused its discretion by ruling that habeas corpus was an inappropriate pretrial remedy and by later refusing to give a proposed jury instruction. Neither of these assertions can be considered here, however, because the habeas corpus proceedings and the proposed jury instruction were not included in the record on appeal. *See State v. Jones,* Utah, No. 17476, filed Nov. 10, 1982; *State v. Lujan,* 124 Ariz. 365, 370, 604 P.2d 629, 634 (1979). Defendant's other arguments have also been considered and found to be without merit.

The judgment is affirmed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.

3. This right is also guaranteed by U.C.A., 1953,