2007 UT App 337

**STATE of Utah, Plaintiff and Appellee,**

v.

**Fidel Elias MEJIA, Defendant and Appellant.**

**No. 20050421–CA.**

Court of Appeals of Utah.

Oct. 18, 2007.

Margaret P. Lindsay, Orem, for Appellant.

Mark L. Shurtleff. atty. gen., and Ryan D. Tenney, asst. atty. gen., Salt Lake City, for Appellee.

Before Judges BILLINGS, DAVIS, and ORME.

## OPINION

DAVIS, Judge:

¶ 1 Fidel Elias Mejia appeals his convictions of multiple first degree felonies, arguing that his Sixth Amendment constitutional right to a speedy trial was violated. We affirm.

## BACKGROUND

¶ 2 Mejia was charged on October 21, 2003, with one count of rape of a child and one count of rape. On October 24, 2003, the trial court set a preliminary hearing for November 3, 2003. The court later continued the hearing to November 17, 2003, so that an interpreter could be obtained for Mejia.[1] At the November 17 hearing, the State filed an amended information charging Mejia with ten additional counts.[2] Mejia's preliminary hearing was continued again to December 8, 2003, partly to allow the defense time to prepare for and address the new charges and partly because the defense made its first request for discovery from the State on the morning of the hearing.

¶ 3 At the December 8 hearing, and at the close of evidence, Mejia was arraigned and entered pleas of not guilty. He was bound over on all twelve counts. The trial court then set a pretrial conference for January 28, 2004, and scheduled a jury trial for February 2 through February 6, 2004. On January 28, the court, in accordance with the parties' stipulation, continued the pretrial conference to March 31, 2004, and the trial to April 5 through April 8, 2004.

¶ 4 On the day of the pretrial conference, Mejia filed a Motion for Competency Evaluation. The trial court heard and granted the motion at that time and scheduled a review hearing. By the review hearing on June 30, 2004, the State had conducted the competency evaluations;[3] however, the court ordered that another evaluation be performed because a proper interpreter had not been used for one of Mejia's assessments. For this reason, the court continued the matter to July 28, 2004. On that date, defense counsel sought additional time to review Mejia's medical records. The court approved this request and reset the review hearing for August 4, 2004. But on August 4, the hearing was again continued because the State had still neglected to obtain another evaluation of Mejia's mental state. A review hearing on the competency matter was held August 11, 2004, at which hearing the court directed the State to prepare an order to show cause against the entities designated to evaluate Mejia. The new evaluation was completed in early September 2004 and was subsequently submitted to the court. On September 15, 2004, Mejia was found competent to stand trial but waived his right to have his case heard within fifteen days of that date.

---

1. Mejia is originally from El Salvador and speaks only limited English.

2. Because Mejia makes no argument regarding the substantive issues of his case, we need not address the nature of these charges here.

3. Two evaluations are required under Utah Code section 77–15–5(2)(b). *See* Utah Code Ann. § 77–15–5(2)(b) (2003).

¶ 5 The trial court then scheduled Mejia's pretrial conference for October 20, 2004, and trial for November 1 through November 5, 2004. However, the pretrial conference was again postponed because Mejia had failed to respond to the State's discovery requests by October 20, 2004.

¶ 6 Sometime before November 1, 2004, the trial court informed the parties that Mejia's case had been reassigned to a different judge. The judge originally presiding over the matter was unavailable due to a conflict with a continuing legal education seminar. Mejia's case was thereafter transferred to the judge with the earliest trial calendar opening, and that judge promptly scheduled a pretrial conference for January 25, 2005, and trial for January 31 through February 3, 2005. The conference was held as planned, and the parties agreed that they were ready to proceed to trial at that time.

¶ 7 On January 26, 2005, Mejia filed a motion to dismiss based on alleged violations of his right to a speedy trial. The motion was argued on the first and second days of trial, and was ultimately denied. On appeal, Mejia again argues that the interval between the time of charge and his trial violated his right to a speedy trial and warrants the dismissal of the charges against him.

## ISSUES AND STANDARD OF REVIEW

■ ¶ 8 Mejia contends that he has suffered a violation of his Sixth Amendment right to a speedy trial. *See* U.S. Const. amend. VI.[4] "Constitutional issues, including questions regarding due process, are questions of law that we review for correctness." *Chen v. Stewart,* 2004 UT 82, ¶ 25, 100 P.3d 1177.

## ANALYSIS

■ ¶ 9 With regard to Sixth Amendment claims, it is well-settled that this court must analyze the facts in light of the standards established by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See State v. Hafen,* 593 P.2d 538, 540 (Utah 1979) (adopting the *Barker* factors); *see also State v. Knill,* 656 P.2d 1026, 1029 (Utah 1982). This analysis weighs the conduct of both the prosecution and defense in determining the constitutionality of a delay, and includes the following four factors: "[1] Length of delay, [2] the reason for the delay, [3] the defendant's assertion of his right, and [4] prejudice to the defendant." *Barker,* 407 U.S. at 530, 92 S.Ct. 2182.

■ ¶ 10 First, we hold that the time that passed between Mejia's charges and his trial warrants a closer examination of the totality of the circumstances surrounding his case. As noted by the *Barker* Court, there is an inherent vagueness to the concept of the right to a speedy trial: "It is … impossible to determine with precision when the right has been denied." *Id.* at 521, 92 S.Ct. 2182. Additionally, the *Barker* Court asserted that it could not "definitely say how long is too long in a system where justice is supposed to be swift but deliberate," *id.,* and that " '[t]he right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances.' " *Id.* at 522, 92 S.Ct. 2182 (quoting *Beavers v. Haubert,* 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950 (1905)).

¶ 11 Here, Mejia argues that the delay in prosecution of his case was greater than 450 days (approximately fifteen months); but the State argues that only 216 of those days (approximately seven months) should be considered in our analysis because delays due to mental competency evaluations and those attributed to Mejia's actions are not subject to consideration. We decline to presume that either time period is exempt from the *Barker* analysis, and thus, we inquire into the remaining factors.

¶ 12 Addressing the second *Barker* factor, we determine that the prosecution, the defense, and the trial court have all contributed

---

4. Mejia also suggests that he was denied his state constitutional right to a speedy trial, *see* Utah Const. art. I, § 12, as well as his statutory right to a speedy trial provided by Utah Code section 77–1–6(1)(f), *see* Utah Code Ann. § 77–1–6(1)(f) (2003). However, Mejia does no more than mention these provisions, and thus, we do not consider these claims. *See* Utah R.App. P. 24(a)(9) (requiring an appellant's brief to include "the contentions and reasons of the appellant with respect to the issues presented").

to the delay in resolving this matter. The State prolonged the case's disposition by failing to follow proper protocol with regard to the competency issues and by adding to the charges against Mejia. Mejia is also at fault, as he either stipulated to or requested that he be given more time to prepare his case on several occasions. Additionally, he failed to make timely requests for discovery and to respond to the State's discovery requests. These actions by Mejia actually amount to temporary waivers of his right to a speedy trial. *See State v. Banner,* 717 P.2d 1325, 1329–30 (Utah 1986); *cf. State v. Trafny,* 799 P.2d 704, 708 n. 15 (Utah 1990) ("Delays caused by the defendant will not be counted against the State and will weigh against the defendant in considering the totality of the circumstances."). Moreover, a portion of the delay can be attributed to the trial court itself, whose routine operations mandated that it assign the case to a different judge. But this court has previously reasoned that "the business of the court is a valid factor to be considered in setting the trial date," *State v. Hoyt,* 806 P.2d 204, 208 (Utah Ct.App. 1991), and so we do not emphasize the court's role in the delay here.

¶ 13 As to the third *Barker* factor, it is apparent from the record that Mejia did little to assert his right to a speedy trial. We have previously echoed the Supreme Court's sentiment that " 'failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.' " *State v. Miller,* 747 P.2d 440, 443 n. 2 (Utah Ct.App. 1987) (quoting *Barker,* 407 U.S. at 532, 92 S.Ct. 2182). Here, Mejia did not complain about any delay in his trial date, the court's disposition of pending motions, or issues involving his incarceration until practically the eve of trial.

¶ 14 The final factor to be considered is whether Mejia was prejudiced by the delay. This prong of the test must be evaluated in light of the following interests: "prevention of oppressive pretrial detention; minimization of anxiety and concern of the accused; and limitation of the possibility that the defense will be impaired." *Id.* at 443, 92 S.Ct. 2182. Mejia argues that he was prejudiced through his incarceration, which spanned

over fifteen months. He also asserts that he suffered undue anxiety during this time and that his defense was impaired because the delay "must have" affected his ability to recall some of the facts of his case. Although we do not doubt that Mejia's life was affected by his incarceration and that it may have caused him some anxiety, we cannot say that these factors prejudiced him. Mejia provides no factual support for these arguments, and his contentions are belied by the fact that he failed to express any complaint during his incarceration or to endeavor to hasten the judicial process until five days before trial.

> "[T]he prejudice associated with anxiety and concern is closely tied to a demand for a speedy trial. If anxiety and concern were really prejudicial, defendant was free to demand an expeditious trial. As the Court said in *Barker:* 'The strength of a [defendant's] efforts will be affected ... most particularly by the personal prejudice ... that he experiences. The more serious the deprivation, the more likely a defendant is to complain.' "

*Id.* at 443–44, 92 S.Ct. 2182 (alterations and omissions in original) (quoting *State v. Ossana,* 739 P.2d 628, 631–32 (Utah 1987) (quoting *Barker v. Wingo,* 407 U.S. 514, 531, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972))).

## CONCLUSION

¶ 15 After balancing the four *Barker* factors, we reject Mejia's proposition that he was denied his constitutional right to a speedy trial. Mejia was a significant factor in the delay in the prosecution of his case, he failed to assert his rights in a timely fashion, and he did not set forth facts to support his claim that he was prejudiced by unnecessary anxiety or concern over his situation. We therefore affirm.

¶ 16 WE CONCUR: JUDITH M. BILLINGS and GREGORY K. ORME, Judges.