FILED
United States Court of Appeals
Tenth Circuit

June 15, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FIDEL MEJIA,

       Petitioner - Appellant,

v.

DENNIS SORENSON,

       Respondent - Appellee.

No. 15-4005
(D.C. No. 2:13-CV-00292-TS)
(D. Utah)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

Petitioner-Appellant Fidel Mejia, a pro se Utah inmate, seeks a certificate

of appealability (COA) to appeal the district court's denial of his petition for a

writ of habeas corpus, 28 U.S.C. § 2254, as untimely. Mejia v. Sorenson, No.

2:13-cv-292 TS (D. Utah Jan. 27, 2014).

For this court to grant a COA, Mr. Mejia must make a "substantial showing

of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that

"reasonable jurists could debate whether . . . the petition should have been

resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473,

484 (2000) (internal quotation marks omitted). Because the district court

resolved the petition on procedural grounds, Mr. Mejia must demonstrate that it is reasonably debatable (1) whether the petition states a valid claim for denial of a constitutional right, and (2) whether the district court's procedural ruling was correct. Id. We conclude that Mr. Mejia cannot make the latter showing; thus, we deny his request for a COA and dismiss his appeal.

Mr. Mejia was charged and convicted on several counts of sex offenses. He appealed, claiming that his Sixth Amendment right to a speedy trial was violated. The Utah Court of Appeals affirmed his conviction, and the Utah Supreme Court denied his petition for writ of certiorari on February 21, 2008. State v. Mejia, 172 P.3d 315 (Utah Ct. App. 2007), cert. denied, 186 P.3d 957 (Utah 2008). Mr. Mejia filed a federal petition for a writ of habeas corpus on May 23, 2013, on speedy trial grounds. The district court dismissed the petition as untimely, and Mr. Mejia appealed.

No reasonable jurist could debate that Mr. Mejia's petition for federal habeas relief was untimely. In general, a limitations period of one year applies to habeas petitions filed by individuals in state custody. 28 U.S.C. § 2244(d)(1). This period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). Thus, a state court judgment becomes final upon the expiration of the time for filing a petition for writ of certiorari in the United States Supreme Court. Locke v. Saffle, 237 F.3d 1269, 1271–72 (10th Cir. 2001).

Accordingly, Mr. Mejia's conviction became final, and his limitations period began to run, on May 21, 2008—90 days after the Utah Supreme Court denied relief. See U.S. Sup. Ct. R. 13(1). Thus, Mr. Mejia's limitations period expired May 21, 2009—over four years before he filed his federal habeas petition.

Mr. Mejia contends that the limitations period should be equitably tolled, as his state court counsel failed to alert him that the Utah Supreme Court had denied his petition for certiorari until December 30, 2011. However, even if we accepted Mr. Mejia's argument, his petition would still be untimely, as he filed it on May 23, 2013—more than one year after he learned his state appeals process had been exhausted. We see no legitimate basis for further tolling his federal habeas limitations period.

Accordingly, we DENY his request for a COA, DENY his request for IFP status, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -