617 P.2d 169

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Ernest LOVATO, Defendant–Appellant.**

**No. 4322.**

Court of Appeals of New Mexico.

Sept. 2, 1980.

Charles R. Finley, Warner & Finley, Albuquerque, for defendant–appellant.

Jeff Bingaman, Atty. Gen., John G. McKenzie, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

HENDLEY, Judge.

Convicted of homicide by vehicle while driving under the influence of intoxicating liquor or while driving recklessly contrary to § 66–8–101(B), N.M.S.A.1978, defendant appeals. His point relating to the State's failure to preserve the blood test kit is dispositive and we reverse.

The State's theory of the case was that at the time defendant struck and killed the child he was driving recklessly and running a red light and/or under the influence of intoxicating liquor. To prove that the defendant was in fact intoxicated at the time of the accident, the State introduced testimony of a chemist for the Albuquerque Police Department. He testified that he conducted an analysis on June 19 on a blood sample removed from the defendant on June 16 which showed that the defendant had 0.10 percent alcohol in his blood. This is the minimum blood alcohol count to invoke the presumption of intoxication against the defendant. *See* § 66–8–110, N.M.S.A.1978, and N.M.U.J.I.Crim. 2.62, N.M.S.A.1978.

The chemist also testified that test tubes are clearly resealable—in fact, made to be resealed—and that even unrefrigerated, are capable of preservation for some period of time and, with refrigeration, any be preserved longer. It was also established that the State made absolutely no effort to preserve the blood test samples and that they were immediately destroyed after completion of the blood analysis. The chemist further testified that there are two tolerances for error in the blood alcohol test conducted by him, based on the making of the standard and also in the actual conducting of the test. Additionally, he testified that there was no rechecking by anyone of the results of his test.

Defendant contends that the State's failure to produce the blood alcohol kit pursuant to his discovery motion made the admission of the testimony pertaining to the results of tests run on the blood alcohol kit inadmissible. The State answers this contention by first alleging that the defendant failed to make a discovery request for the blood kit, but only requested the State to produce a report on the results of such a test. Next, the State argues that its conduct in destroying the blood kit was proper even if defendant made a proper discovery request.

The defendant requested "any information which may or may become of benefit to the defendant in his preparation for presenting merits of the defense or innocence at trial." In *Chacon v. State*, 88 N.M. 198, 539 P.2d 218 (Ct.App.1975), this Court found a similar request to be sufficient to invoke discovery of evidence that properly falls within the constitutional due process standard announced in *Chacon* and *Trimble v. State*, 75 N.M. 183, 402 P.2d 162 (1965).

■ The standard for review derived from those two cases involved basically a three–prong test: (1) that the State either breached some duty or intentionally deprived the defendant of evidence; (2) that the improperly "suppressed" evidence must have been material; and (3) that the suppression of this evidence prejudiced the defendant.

■ It is clear that the State need not intentionally deprive the defendant of material evidence. Even the inadvertent destruction of evidence, where the State has a duty to preserve that evidence, will be sufficient grounds upon which to find a due process violation. *Chacon, supra; Trimble, supra.* In *Chacon,* this Court stated:

> The nondisclosed documents were in the possession of the district attorney's office, but had been placed in the wrong file. The nondisclosure was inadvertent. No different standard applies because the nondisclosure is negligent rather than deliberate. *Trimble v. State,* 75 N.M. 183, 402 P.2d 162 (1965); compare *State v. Hogervorst,* 87 N.M. 458, 535 P.2d 1084 (Ct.App.1975).

Defendant must next establish that the "suppressed" evidence was "material to the guilt or innocence of the accused, or to the penalty to be imposed." *State v. Morris,* 69 N.M. 244, 365 P.2d 668 (1961). Since the State's conviction for vehicular homicide was based primarily upon defendant's driving under the influence of intoxicating liquor, his blood alcohol percentage is clearly material to his guilt or innocence. *State v. Garcia,* 613 P.2d 725 (1980) (Ct.App.1980). *See also* § 66–8–110, *supra,* and N.M.U.J.I. Crim. 2.62, *supra.*

Lastly, defendant must also establish that the State's suppression of the requested evidence prejudiced him. *Trimble, supra; Chacon, supra.* The chemist testified that his test disclosed that defendant's blood alcohol percentage was 0.10 percent and that this is the minimum sufficient percentage to invoke the presumption of intoxication. *See also* § 66–8–110, *supra;* and N.M.U.J.I. Crim. 2.62, *supra.* The witness further testified that there is tolerance for error and

that there was no rechecking by anyone of the results of his test. Based on these facts, especially the tolerance for error and the fact that the result reached was the minimum for invoking the presumption, we hold that the defendant clearly was prejudiced by not being able to retest the results reached by the State. Such retesting could have provided the defendant with evidence which would have made the invocation of the presumption inappropriate. *See* N.M.R. Evid. 301, N.M.S.A.1978.

■ In effect, our holding is that if the State is going to use as evidence the results of a blood alcohol test, it must make provisions for its preservation so that if a timely request is made for retesting by the defendant, the sample taken is available. The conviction is reversed and remanded for a new trial without the use of the blood alcohol test results. This, of course, does not exclude the use of other evidence relating to intoxication.

We feel compelled to comment on the Brief in Chief.

Defendant fails to make any reference to the transcript cites for facts contained within his summary of proceedings. *See* N.M.R.Crim.App. 501(a)(3), N.M.S.A.1978. He also fails to give any specific cites for facts relied on in argument, citing the court only to the entire testimony of the witness alleged to have stated the fact at trial. The conduct of defense counsel clearly violates N.M.R.Crim.App. 501(a)(3) and (4). This has caused great inconvenience and wasted a great deal of time for both the Attorney General's office and this Court. It is only possible to reach the merits by wading through the voluminous transcript to find the appropriate facts alleged in defendant's argument of the case. Since enforcement of our procedural rules would result in defendant not having the merits of his appeal heard, we have considered the appeal. *Olguin v. State,* 90 N.M. 303, 563 P.2d 97 (1977).

IT IS SO ORDERED.

LOPEZ and ANDREWS, JJ., concur.