881 P.2d 686

**STATE of New Mexico,
Plaintiff–Appellant,**

v.

**Robert WARE, Defendant–Appellee.**

**No. 13307.**

Court of Appeals of New Mexico.

June 29, 1993.

Tom Udall, Atty. Gen., Gail MacQueston, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Sammy J. Quintana, Chief Public Defender, Rita Lalumia, Asst. Appellate Defender, Santa Fe, David Longley, John Walker, Asst. Public Defenders, Albuquerque, for defendant-appellee.

## OPINION

CHAVEZ, Judge.

Defendant was charged with three counts of battery with a deadly weapon. The indictment alleged that Defendant struck or applied 'force' to the [victim], with a rock, a deadly weapon. Defendant filed a motion to dismiss the indictment contending that the State's failure to preserve the rock as evidence in order to allow for its testing deprived Defendant of due process of law under the New Mexico and United States Constitutions. The trial court denied Defendant's motion to dismiss the indictment, but ordered the suppression of all evidence regarding the rock. The State appeals the suppres-

sion order. We agree with the trial court and affirm.

## Facts

Officers responded to a domestic disturbance call at Defendant's address. They found Betty Ann Martinez, who had blood on the back of her head, and Defendant, who had blood on his body and clothes, at the scene. Upon subsequent investigation, the officers arrested Defendant. The officers then located a rock that had blood on it. A detective photographed the rock where it lay. The officer did not, however, secure or collect any blood, bodily fluids, cloth, fibers, or hair from the rock. Further, the rock itself, although it was of a size capable of being held in one hand, was not collected by the officer.

Defendant was indicted on three counts of aggravated battery (deadly weapon). Martinez testified before the grand jury that her assailant had been someone other than Defendant. Prior to trial, Defendant moved the trial court to dismiss the indictment or, in the alternative, suppress any evidence regarding the rock. The trial court denied Defendant's motion to dismiss, but suppressed all evidence regarding the rock. The State timely filed a notice of appeal of the suppression order. Our jurisdiction to review the suppression order is conferred by NMSA 1978, Section 39–3–3(B)(2) (Repl.Pamp.1991).

## Standard to be Applied

■ The State requests this Court to adopt the federal standard for lost or destroyed evidence announced in *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). During the suppression hearing, however, the state's argument was limited to the application of the state's standard articulated in *State v. Chouinard*, 96 N.M. 658, 634 P.2d 680 (1981), *cert. denied*, 456 U.S. 930, 102 S.Ct. 1980, 72 L.Ed.2d 447 (1982). On appeal, this Court will only consider issues raised in the trial court unless an issue involves matters of jurisdiction or fundamental error. *State v. Muise*, 103 N.M. 382, 707 P.2d 1192 (Ct.App.) *cert. denied*, 103 N.M. 287, 705 P.2d 1138 (1985); *see also State v. Sutton*, 112 N.M. 449, 816 P.2d 518 (Ct.App.) *cert. denied*, 112 N.M. 308, 815 P.2d 161 (1991) (no preservation of state constitutional issue where defendant failed to argue below that state constitution provided rights independent of federal constitution). The State does not contend that the trial court's failure to apply the *Youngblood* standard constituted fundamental error. We therefore will not decide this issue.

## The Chouinard Standard

In *Chouinard*, 96 N.M. at 661, 634 at 683, our Supreme Court adopted a three-part test for determining whether deprivation of evidence by the state is reversible error. *See also State v. Lovato*, 94 N.M. 780, 782, 617 P.2d 169, 171 (Ct.App.1980). Before a reviewing court can reverse the decision of a trial court, the reviewing court must find: " '1) [t]he State either breached some duty or intentionally deprived the defendant of evidence; 2) [t]he improperly 'suppressed' evidence must have been material; and 3) [t]he suppression of this evidence prejudiced the defendant.' " *Chouinard*, 96 N.M. at 661, 634 P.2d at 683 (quoting *Lovato*, 94 N.M. at 782, 617 P.2d at 171).

■ The State contends that the trial court erred in using the *Chouinard* test in this instance because the police did not have a duty to collect the rock in the first place. *Chouinard* and *Lovato* both concerned evidence that was in police custody at the time of its destruction. The State cautions this Court against expanding *Chouinard* to include material not necessarily placed in evidence by police. It argues that such an expansive view of *Chouinard* would require the police to collect every piece of evidence that at some point in time may have some relevance to a given case. The State's concerns are misplaced.

The evidence which the police failed to collect and preserve in this case was the weapon the State asserts that Defendant used to perpetrate the charged offenses. Further, proof of the existence of the rock and its use by Defendant was necessary to establish an essential element of the crimes alleged in the indictment. At the crime scene, the police focused specifically on the rock and took close-up photographs of it.

Defendant argued below, and the trial court agreed, that the failure of the police to preserve the rock precluded him from testing it to determine whether, among other things, it contained exculpatory evidence which would show, in conformity with Martinez' grand jury testimony, that the attack was perpetrated by someone other than Defendant.

■ Although generally, the State does not have a duty to seek out and collect potentially exculpatory evidence for a defendant, *State v. Walters,* 155 Ariz. 548, 551, 748 P.2d 777, 780 (App.1987), it has a "duty to preserve, where reasonably practical, relevant evidence obtained in the investigation of the crime." *State v. Stephens,* 93 N.M. 368, 369, 600 P.2d 820, 821 (1979); *see also Scoggins v. State,* 111 N.M. 122, 124, 802 P.2d 631, 633 (1990) (Baca, J., dissenting) ("The police have a duty to insure that all relevant evidence is properly preserved for use by the state and the defense, when appropriate.") *Walters,* 155 Ariz. at 551, 748 P.2d at 780 (state has "duty to preserve evidence that is obvious, material and reasonably within its grasp"). Applying the test set forth in *Chouinard* and *Stephens,* the trial court could properly find that the police had a duty to collect and preserve the rock as material evidence.

■ The next question under *Chouinard* is whether the "suppressed" evidence was material. Whether evidence is material is a question for the trial court and is determined on a "case-by-case basis." *Chouinard,* 96 N.M. at 663, 634 P.2d at 685. Evidence is material when the State must rely upon such evidence in order to prove an essential element of the charged offense. *See Lovato,* 94 N.M. at 782, 617 P.2d at 171. In *Lovato,* the defendant was charged with homicide by vehicle while driving under the influence of intoxicating liquor or while driving recklessly. The state's theory was that the defendant was driving while under the influence of alcohol when he struck and killed a child. The state sought to prove that the defendant was intoxicated by introducing the results of a blood-alcohol test performed on the defendant. This Court ordered the suppression of blood-alcohol tests done with a blood-alcohol kit that the state failed to produce after a proper defense request. This Court required the defendant to show "that the 'suppressed' evidence was 'material to the guilt or innocence of the accused, or to the penalty imposed.'" *Id.* at 782, 671 P.2d at 171 (quoting *State v. Morris,* 69 N.M. 244, 246, 365 P.2d 668, 669 (1961)). This Court explained that because the defendant's conviction was based primarily upon evidence that he had been intoxicated, blood-alcohol results were clearly material to his guilt or innocence.

The rock in this case was alleged to be the "deadly weapon" stated in the indictment. In order to secure a conviction for aggravated battery (deadly weapon) the State must prove that Defendant hit Martinez with a deadly weapon, to wit, the rock. Under the facts of this case, we cannot say the trial court erred in finding that the rock constituted material evidence.

■ The State next contends that the trial court erred in finding Defendant was prejudiced by the loss of the rock. In determining whether the loss of evidence has resulted in prejudice to a defendant, the determinative issue is whether the missing evidence is important and critical to the case. *Mathis v. State,* 112 N.M. 744, 748, 819 P.2d 1302, 1306 (1991). Like the question of materiality of evidence, the prejudicial effect that lost evidence may have upon a defendant is a question for the trial court. *Chouinard,* 96 N.M. at 663, 634 P.2d at 685. The trial court found that Defendant was prejudiced in two ways. First, he was prejudiced because he was precluded from testing the rock and its contents to determine whether it, in fact, contained blood or hair samples of the alleged victim as asserted by the State, or whether the rock contained fingerprints of a third person so as to corroborate the victim's grand jury testimony that she was attacked by someone other than Defendant. Second, the trial court alternatively found that Defendant's defense on the merits had been prejudiced because Defendant had been precluded from challenging whether a rock had in fact been used as a weapon in the commission of the charged offenses. *See State v. Leslie,* 147 Ariz. 38, 47, 708 P.2d 719, 728 (1985) (en banc) ("It is fundamentally unfair to allow the state to introduce conclu-

sions as to the contents of certain evidence against a defendant without allowing him to inspect it in a manner that allows for a meaningful rebuttal.").

 The prejudice element of the *Chouinard* test is met when the defense loses its only means of proving this case. *State v. Riggs*, 114 N.M. 358, 361, 838 P.2d 975, 978 (1991) (no prejudice where other evidence available to defendant to support its case); *Scoggins*, 111 N.M. at 124, 802 P.2d at 633 (prejudice shown where "virtually no other credible evidence" supported defendant's guilt except the lost evidence). We conclude that the trial court's alternative finding supports its conclusion that the police had a duty to collect and preserve the weapon alleged to have been used in the commission of the offenses and that Defendant was materially prejudiced by the State's failure to collect and preserve material evidence.

Once a trial court concludes that the *Chouinard* test is satisfied, *Chouinard* affords two choices:

> Exclusion of all evidence which the lost evidence might have impeached, or admission with full disclosure of the loss and its relevance and import. The choice between these alternatives must be made by the trial court, depending on its assessment of materiality and prejudice. The fundamental interest at stake is assurance that justice is done, both to the defendant and to the public.

*Chouinard*, 96 N.M. at 662, 634 P.2d at 684. Moreover, the Supreme Court in *Scoggins*, 111 N.M. at 123–24, 802 P.2d at 632–33 expanded the options of the trial court set out in *Chouinard* by endorsing the further option of dismissal of the charges. As further noted in *Chouinard*, "[t]he trial court is in the best position to evaluate these factors." *Id.* at 663, 634 P.2d at 685.

 The decision of the trial court, in determining what remedy to apply for a failure to preserve evidence, will be upheld unless it is shown that it has abused its discretion. *Riggs*, 114 N.M. at 361, 838 P.2d at 978.

 In the case at bar, the trial judge excluded "photographs of any rock and all of the State's witnesses are prohibited from mentioning directly, or indirectly, in any manner whatsoever any reference to a rock." The court's order was premised on its determination that due process of law as guaranteed by the New Mexico Constitution required such a remedy. We cannot say, as a matter of law, that the trial court abused its discretion in ordering the suppression of such evidence. We therefore affirm the trial court's order.

IT IS SO ORDERED.

DONNELLY and ALARID, JJ., concur.