This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.               **NO. 29,116**

**JOHN CASTILLO,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Office of Craig C. Kling
Craig C. Kling
San Diego, CA

for Appellant

<strong>MEMORANDUM OPINION</strong>

**KENNEDY, Judge.**

 Defendant appeals his conviction for driving while impaired (DWI). We issued

a calendar notice proposing summary affirmance. Defendant has responded with a timely memorandum in opposition and a motion to amend the docketing statement. We have duly considered Defendant's arguments, and we remain unpersuaded. We therefore affirm.

We will begin with Defendant's motion to amend the docketing statement, in which Defendant seeks to challenge the sufficiency of the evidence to support his conviction. A motion to amend the docketing statement will only be granted for good cause. *See* Rule 12-208(F) NMRA. This requirement has been interpreted to require a showing that the issue or issues to be advanced are viable. *See State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). In reviewing the sufficiency of the evidence in a criminal case, we must determine whether substantial evidence, of either a direct or circumstantial nature, exists to support every essential element of the crime at issue. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. The evidence is viewed in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction and disregarding all evidence and inferences to the contrary, to ensure that each element is met.

Defendant was convicted of driving under the influence of an intoxicating

2

liquor pursuant to NMSA 1978, Section 66-8-102(A) (1999). In order to sustain the conviction, the State was required to prove beyond a reasonable doubt that Defendant operated a motor vehicle, and that at the time, "as a result of intoxicating liquor, he was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person or the public." UJI 14-4501 NMRA. At trial, there was evidence presented that Deputy Mason stopped Defendant's car for a traffic violation. [DS 2-3; MIO 12-13] During the stop, Deputy Mason noticed the odor of alcohol on Defendant's breath, and Defendant admitted to drinking three beers. Defendant failed to perform satisfactorily on several field sobriety tests, and he refused to submit to chemical testing of his breath. We believe that this evidence is sufficient to support the conviction. *See State v. Notah-Hunter*, 2005–NMCA–074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (finding the evidence sufficient to show driving while impaired where the defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was speeding down the center of the road); *State v. Soto*, 2007-NMSC-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (stating that the jury is free to infer a defendant's consciousness of guilt from his refusal to submit to chemical testing). We therefore determine that Defendant's motion to amend the docketing statement is not viable, and we deny the motion. We now turn to the issues raised in

Defendant's docketing statement.

**Suppression**

On appeal from a trial court's ruling on a motion to suppress, findings of fact are reviewed to determine if they are supported by substantial evidence and legal conclusions are reviewed de novo. *State v. Leyba*, 1997-NMCA-023, ¶ 8, 123 N.M. 159, 935 P.2d 1171.

Defendant argues that Deputy Mason exceeded the scope of the traffic stop by asking to see Defendant's license and registration. Specifically, Defendant argues that Deputy Mason only had reasonable suspicion of criminal activity on the part of his passenger for a seatbelt violation, and that any additional questioning of Defendant or request for identification impermissibly exceeded the scope of the stop. [MIO 3-4] We disagree.

Deputy Mason had reasonable suspicion to stop Defendant's vehicle based on his passenger not wearing a seatbelt. *See* NMSA 1978, § 66-7-372(A) (2001) (stating that each occupant of a motor vehicle weighing more than 10,000 pounds must have a safety belt properly fastened at all times the vehicle is in motion); *State v. Munoz*, 1998-NMCA-140, ¶ 8, 125 N.M. 765, 965 P.2d 349 (stating that law enforcement officers may constitutionally stop a vehicle if they have reasonable suspicion that the law has been or is being violated). Once Defendant's vehicle was lawfully stopped,

4

Deputy Mason was authorized to ask to see his license, registration, and proof of insurance. *See State v. Rubio*, 2006-NMCA-067, ¶ 12, 139 N.M. 612, 136 P.3d 1022 ("When an officer stops a vehicle for a traffic violation, the officer can lawfully request and inspect the driver's license, vehicle registration, and proof of insurance, in order to verify that the driver is licensed and driving a vehicle that is registered and insured.").

Defendant relies on *State v. Affsprung*, 2004-NMCA-038. ¶¶ 19-21, 135 N.M. 306, 87 P.3d 1088, in which we held that, where the officer had no reasonable suspicion of criminal activity on the part of the passenger in a stopped vehicle, there was no legitimate basis on which to obtain the passenger's identifying information to run a wants and warrants check, and the passenger's detention was unlawful. However, we find *Affsprung* to be distinguishable. Defendant was not a passenger in the vehicle, he was the driver. As such, police had a legitimate basis to request to see his license and registration for the vehicle, regardless of whether criminal conduct on the part of Defendant was the reason for the traffic stop, as long as the traffic stop itself was reasonable. *See State v. Reynolds*, 119 N.M. 383, 388, 890 P.2d 1315, 1320 (1995) (stating that the government has a legitimate interest in making sure that drivers are licensed and driving vehicles that are registered and insured, and when an officer is reasonably called upon to make contact with a driver, the officer has a right

to know with whom he is talking and may check to see that the driver is licensed and driving a car that is registered and insured).

Once Deputy Mason discovered that Defendant's license was suspended, he was authorized to detain Defendant to investigate the basis for the suspension. *See State v. Prince*, 2004-NMCA-127, ¶ 9, 136 N.M. 521, 101 P.3d 332 (stating that an officer may expand his investigation of a traffic stop if the officer develops reasonable suspicion that other criminal activity is occurring); *see also State v. Bricker*, 2006-NMCA-052, ¶ 5, 139 N.M. 513, 134 P.3d 800 (noting that where a license is suspended based on a DWI related offense the driver must be immediately taken before a magistrate but if not stopped for a DWI related offense the driver must be cited and released). During the investigation of Defendant's license suspension, Deputy Mason noticed the odor of alcohol on Defendant's breath, which gave him reasonable suspicion to investigate him for driving while intoxicated. *See State v. Walters*, 1997-NMCA-013, ¶ 26, 123 N.M. 88, 934 P.2d 282. For these reasons, we affirm the denial of Defendant's motion to suppress.

**Field Sobriety Tests**

Defendant next argues the district court erred in allowing evidence of the field sobriety tests (FSTs) because it was not relevant to whether he was driving while impaired. Defendant argues that FSTs only correlate to blood alcohol content and that

the evidence was confusing to the jury. [MIO 5-6; DS 4] We disagree.

Defendant was charged with violating 66-8-102(A)(1999). A conviction under this section requires proof beyond a reasonable doubt that the defendant "operated a motor vehicle", and that

> [a]t the time, [D]efendant was under the influence of intoxicating liquor[;] that is, as a result of drinking liquor[, D]efendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public.

UJI 14-4501.

The evidence adduced at trial regarding the FSTs was that Defendant was unable to balance while performing a "one leg stand" field sobriety test, that he did not properly complete the "heel to toe" walk test, and that he was unable to count in sequence. [RP 22-23; MIO 12] Despite *Lasworth's* dicta to the contrary, predicting BAC is not the only relevant use of standard field sobriety tests at trial; this evidence was relevant to whether Defendant was less able to the slightest degree to safely handle a motor vehicle. *State v. Lasworth*, 144 N.M. 574, 189 P.3d 707 (2001); *see Notah-Hunter*, 2005-NMCA-074, ¶ 14 (determining that there was sufficient evidence to convict the defendant of driving while intoxicated in violation of Section 66-8-102(A) based in part on evidence of failed field sobriety tests). The field sobriety test evidence was therefore admissible. *See* Rule 11-402 NMRA (stating that relevant

evidence is generally admissible).

**Warrant for Blood Sample**

Defendant also argues that the district court erred in refusing to allow him to cross-examine Deputy Mason as to whether he could have obtained a search warrant for a sample of Defendant's blood. [MIO 6-9] "Ordinarily, we review a trial court's ruling on the scope of cross-examination for an abuse of discretion." *State v. Silva*, 2007-NMCA-117, ¶ 21, 142 N.M. 686, 168 P.3d 1110. "We only find an abuse of discretion when 'the ruling is clearly against the logic and effect of the facts and circumstances of the case.'" *Id.* (*quoting State v. Apodaca,* 118 N.M. 762, 770, 887 P.2d 756, 764 (1994) (internal quotation marks and citation omitted)).

We agree with the district court that whether the officer could have obtained a search warrant for Defendant's blood was irrelevant to any issue in the case, and the court properly refused to allow cross-examination on the subject. *See* Rule 11-402 NMRA (stating that irrelevant evidence is generally inadmissible).

Defendant argues that this evidence was relevant because it called into question the thoroughness of the officer's investigation. [DS 5-6; MIO 8] However, Defendant was charged with driving a motor vehicle while under the influence of an intoxicating liquor, pursuant to Section 66-8-102(A), he was not charged with driving with a particular blood alcohol concentration pursuant to Section 66-8-102(C) or (D). We

therefore reject his argument that the failure to obtain a search warrant for his blood indicates that the officer's investigation was deficient. Defendant argues that whether the officer could have obtained a search warrant was relevant because certain statutory presumptions apply to BAC readings. *See* NMSA 1978, §66-8-110(B)(1) (2007) (stating that when the alcohol concentration in a person's blood or breath is less than four one hundredths, there is a presumption that the person was not under the influence of intoxicating liquor). [MIO7] We understand Defendant to argue that Deputy Mason's failure to obtain a search warrant for his blood pursuant to NMSA 1978, Section 66-8-111(A) (2005), may have resulted in the absence of evidence that would have implicated a favorable statutory presumption. [MIO 6-7] However, Section 66-8-110(A) does not require an officer to seek a search warrant when a suspect refuses to submit to chemical tests. Additionally, the State does not have a general duty to seek out and collect potentially exculpatory evidence for a defendant. *See State v. Ware*, 118 N.M. 326, 329, 881 P.2d 686, 689 (Ct. App. 1993). Accordingly, we do not believe that whether a search warrant could have been obtained in this case is significant to the overall merits of the DWI investigation.

We also note that, to the extent that Defendant complains about the non-existence of potentially exculpatory BAC evidence, Defendant caused his own problem by refusing consent to chemical testing to determine his BAC when he was

arrested. Under these circumstances, we find no abuse of discretion in the district court's evidentiary ruling.

We also reject Defendant's challenge to the district court's ruling on Confrontation Clause grounds. We find no indication in the record, nor has Defendant stated in his docketing statement or memorandum in opposition, how a Confrontation Clause argument was preserved. *See* Rule 12-208(4) NMRA (stating that the docketing statement shall contain a statement of how the issues raised arose and how they were preserved). Based on our review of the record, Defendant argued below that he wanted to cross-examine Deputy Mason on his failure to seek a search warrant to show that his investigation of the DWI was not adequate because he failed to use a tool available to him. [DS 5] Defendant did not make an argument that he would be denied his right to confront the witness by limitation of cross-examination on this issue. *See State v. Mora*, 1997-NMSC-060, ¶ 47 n.1, 124 N.M. 346, 950 P.2d 789 (holding that defendant's failure to object on confrontation grounds or general constitutional grounds resulted in abandonment of Confrontation Clause argument on appeal).

**Prosecutor's Closing Argument**

Finally, Defendant argues that he was denied his right to a fair trial by several comments made by the prosecutor during closing argument. Defendant argues that

he was denied a fair trial because: (1) the prosecutor commented on Defendant's truthfulness although Defendant did not testify, (2) the prosecutor said "we did all the testing we could", and (3) the prosecutor commented that DWI laws are "designed to prevent he kinds of tragedies we see all too often." [MIO 9]

Defendant objected to each statement.

> When a timely objection is made to a claim of prosecutorial misconduct, we determine whether the trial court abused its discretion by denying a motion for a new trial based upon the prosecutor's conduct, by overruling the defendant's objection to the challenged conduct, or by otherwise failing to control the conduct of counsel during trial. The trial court's determination of these questions will not be disturbed unless its ruling is arbitrary, capricious, or beyond reason. Our ultimate determination of this issue rests on whether the prosecutor's improprieties had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial.

*State v. Collins*, 2005-NMCA-044, ¶ 37, 137 N.M. 353, 110 P.3d 1090 (quoting *State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807 (citations omitted)).

With respect to the prosecutor's comment on his truthfulness, Defendant notes that his objection to the comment was sustained and the district court instructed the jury to disregard the comment. [DS 6] We hold that this cured any error. *See State v. Caudillo*, 2003-NMCA-042, ¶ 14, 133 N.M. 468, 64 P.3d 495 (stating that when a court promptly sustains an objection and admonishes the jury to disregard the evidence, it usually cures any prejudicial impact of inadmissible evidence).

Defendant argues that the comment on Defendant's truthfulness when he had

11

not testified was akin to a comment on his exercise of his right not to testify. [MIO 9-10] Accordingly, Defendant argues that the error is reversible despite the district court's admonition to disregard the statement. However, Defendant has not cited to any authority in support of his contention that a comment on a non-testifying defendant's truthfulness amounts to a comment on a defendant's failure to testify, so we assume that none exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority."). We therefore reject this argument. *See id.* (stating that an appellate court will not consider an issue if no authority is cited in support of the issue).

Moreover, we do not believe that this comment would have a prejudicial effect on the jury's verdict because the jury found that Defendant drove while impaired, and we do not see how any opinion as to Defendant's credibility would have a material bearing on that determination. We therefore do not believe that Defendant was denied a fair trial because of any comment on his truthfulness. *See State v. Collins,* 2005-NMCA-044, ¶ 39, 137 N.M. 353, 110 P.3d 1090.

With respect to the prosecutor's comment that "we did all the testing we could," we understand Defendant to view this as a misstatement of fact because police did not obtain a sample of Defendant's blood pursuant to a search warrant. However, as we

12

stated in our notice of proposed summary affirmance, Rule 12-208(D)(3) NMRA requires a party to provide "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented." Defendant has not provided us with a recitation of the evidence and testimony presented at trial or of his attorney's closing argument. We are therefore unable to determine whether any error in this comment was invited or harmless. *See State v. Taylor*, 104 N.M. 88, 94, 717 P.2d 64, 70 (Ct. App. 1986) (stating that where the defendant opens the door to comments by the prosecutor, such comments are invited and do not constitute reversible error, even if such comments are improper); *see also State v. Landers*, 115 N.M. 514, 517, 853 P.2d 1270, 1273 (Ct. App. 1992) (stating that isolated comments in closing arguments are generally not sufficient to require reversal). We therefore reject Defendant's challenge to this comment.

For the same reason, we are unable to eevaluate the prosecutor's comment that DWI laws are "designed to prevent he kinds of tragedies we see all too often." Defendant argues that the district court sustained his objection to this comment, and therefore, there was no way that he could have opened the door to the comment. [MIO 10-11] We disagree. *See State v. Cordova*, 100 N.M. 643, 647, 674 P.2d 533, 537 (Ct. App. 1983) (noting that remarks in a prosecutor's closing argument, although improper, may be invited). In short, nothing in Defendant's description of the trial in

13

either his memorandum in opposition or his docketing statement convinces us that he was denied a fair trial as a result of the prosecutor's comments, either individually or cumulatively.

For these reasons, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**LINDA M. VANZI, Judge**

_____

**ROBERT E. ROBLES, Judge**