This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41803**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHARLES MOSLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Efren A. Cortez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence finding him guilty of aggravated battery with a deadly weapon. [RP 164-65] We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant maintains in his memorandum that the district court erred by not providing a self-defense instruction because the defense of "denial of an intentional stabbing is not in conflict with the self-defense claim" and the evidence supported the

instruction. [MIO 4, 6-7] In our proposed disposition, we suggested that Defendant had not asserted why he was put in immediate fear of death or great bodily harm and had not provided us with sufficient facts to address his claim that the district court erred in failing to provide the instruction. [CN 2-3]

{3}     In his memorandum, Defendant states he testified that he saw three men mistreating a woman, and went to ask her if she was okay. [MIO 3] The unnamed man who was harassing the woman pushed Defendant and Defendant pushed him back before Defendant returned to his hotel room. [Id.] Defendant then realized that he had dropped his phone during the shoving match and went to the room the three men were in because he thought they might have taken it. [Id.] Marcus Ramirez (Victim) and his father were in the room and "attacked [Defendant.]" [Id.] Victim's father "held [Defendant] back while [Victim] punched" Defendant. Defendant then "pulled his knife out because he was afraid when two people attacked him." [Id.] "He did not stab [Victim] and if [Victim] was stabbed, it happened accidently, without [Defendant] realizing it." [Id.]

{4}     We remain unpersuaded that the district court erred in failing to provide the self-defense instruction. While the district court initially suggested that self-defense and lack of intent were incompatible defenses, ultimately the district court denied the instruction based on its view that the evidence was insufficient to support it. [RP 154-55] *See State v. Martinez*, 1981-NMSC-016, ¶ 4, 95 N.M. 421, 622 P.2d 1041. As we noted in the proposed disposition, in order to support a self-defense instruction, there must be evidence of: "(1) an appearance of immediate danger of death or great bodily harm to the defendant, (2) the defendant was in fact put in fear by the apparent danger, and (3) a reasonable person in the same circumstances would have reacted similarly." *State v. Emmons*, 2007-NMCA-082, ¶ 12, 141 N.M. 875, 161 P.3d 920 (internal quotation marks and citation omitted). Under Defendant's version of the events, we fail to see how Defendant was put in an immediate fear of death or great bodily harm or that he acted reasonably. *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69 ("When evidence at trial supports the giving of an instruction on a defendant's theory of the case, failure to so instruct is reversible error."). Our case law is clear that a struggle where punches are being thrown, such as the one described by Defendant, is insufficient to meet this standard. *See State v. Lucero*, 2010-NMSC-011, ¶ 15, 147 N.M. 747, 228 P.3d 1167 (citing the uniform jury instruction for the definition of "great bodily harm" and holding that "[a]lthough a punch to the face is the type of force that may cause bodily injury, it is not the type of force that creates a high probability of death, results in serious disfigurement, results in loss of any member or organ of the body, or results in permanent prolonged impairment of the use of any member or organ of the body"); *State v. Duarte*, 1996-NMCA-038, ¶ 4, 121 N.M. 553, 915 P.2d 309 (noting that "deadly force may not be used in a situation involving simple battery or in a struggle in which there has been no indication that death or great bodily harm could result").

{5}     Defendant next argues that the district court "should have granted meaningful relief" after "[t]he State lost the surveillance video that would have determined the truth in this he said/he said case." [MIO 7] We note that, in his docketing statement, Defendant did not contend that the State lost the surveillance video that was allegedly in

the possession of the hotel where the facts underlying this case unfolded. Instead, Defendant stated that the surveillance video "was never requested or obtained" by the State. [DS PDF 3] We previously proposed affirmance because the three-part test from *State v. Lovato*, 1980-NMCA-126, ¶ 6, 94 N.M. 780, 617 P.2d 169 and *State v. Chouinard*, 1981-NMSC-096, ¶ 16, 96 N.M. 658, 634 P.2d 680 relied on by Defendant did not apply to situations where the State failed to collect evidence. [CN 3] *See State v. Ware*, 1994-NMSC-091, ¶ 17, 118 N.M. 319, 881 P.2d 679 (highlighting "[t]he distinction between the failure to preserve evidence gathered and the [s]tate's failure to collect evidence during the investigation of a crime scene"); *id.* ¶ 11 ("We hold that the three-part test in *Lovato* and *Chouinard* does not apply to determine the admissibility of evidence in cases where the [s]tate fails to gather physical evidence during the investigation of a crime scene."). Without addressing the proposed disposition, Defendant now contends that the *Chouinard* analysis is appropriate because the surveillance video was "apparently" lost. [MIO 2, 7-9]

**{6}**     Regardless of whether the State failed to obtain the surveillance video or obtained the video and subsequently lost it, the video must have been material to Defendant's defense. *See Ware*, 1994-NMSC-091, ¶ 25 (holding that "the evidence that the [s]tate failed to gather from the crime scene must be material to the defendant's defense" when determining whether sanctions are appropriate based on a failure to gather evidence); *Chouinard*, 1981-NMSC-096, ¶ 16 (holding that the improperly suppressed evidence must have been material when determining whether deprivation of evidence is reversible error). Defendant contends that how the fight unfolded was contested at trial and that "[t]he surveillance video would have had a significant impact on which version of events the jury should believe." [MIO 1] Defendant also contends that "[t]he surveillance video likely would have shed some light on the truth." [MIO 5] The district court agreed with Defendant that the recording would have been material and imposed the remedy of "vigorous cross examination." [RP 85, 87] On appeal, Defendant's argues that the district court did not "grant[] meaningful relief." [MIO 7] The district court, however, considered the factors set forth in *State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25 and *State v. LeMier*, 2017-NMSC-017, 394 P.3d 959, and properly exercised its discretion to fashion a remedy suited for the circumstances. *Id.* ¶ 22; *See State v. Davidson*, 2024-NMCA-060, ¶¶ 42-43, 533 P.3d 532 (applying *Harper* and *Le Mier* to a *Chouinard* issue). [RP 85-87]

**{7}**     Lastly, Defendant moves to amend the docketing statement to contend that the State did not prove that Defendant stabbed Victim. Defendant asserts that the State "only had the uncorroborated testimony of [Victim] about how the fight occurred." [MIO 10] However, the testimony of a single witness is sufficient to support Defendant's conviction. *See State v. Hunter*, 1933-NMSC-069, ¶ 6, 37 N.M. 382, 24 P.2d 251 ("[T]he testimony of a single witness may legally suffice as evidence upon which the jury may found a verdict of guilt."). Victim testified that Defendant stabbed him after Defendant kicked in the door to his hotel room. [MIO 3] This was sufficient to prove that Defendant stabbed Victim. We therefore deny the motion to amend as nonviable. *See State v. Moore*, 1989-NMCA-073, ¶ 45, 109 N.M. 119, 782 P.2d 91 ("[W]e should deny motions

to amend that raise issues that are not viable."), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{8}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we deny the motion to amend and affirm.

**{9}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**